Galveston, Harrisburg & San Antonio Railway Company
v. B. R. Collins.

Decided June 13, 1900.

**1.  Railway Company—Rules for Employes—Switching in Yard.**

A railway brakeman injured while switching cars in the yards is not precluded from recovering therefor by reason of the fact that a printed rule of the company did not require lookouts on trains backing in the yards, as was the one that struck him, where it was the custom at that yard to keep a lookout stationed on trains while backing there, and such had long been the practice.

**2.  Same—Printed Rules—Parol Evidence Varying.**

It may be shown by parol evidence that a printed rule of the company governing the conduct of employes was customarily not enforced, and was thus abrogated.

**3.  Same—Contributory Negligence—Burden of Proof.**

In an action against a railway company for personal injuries the burden of alleging and proving contributory negligence is on the defendant.

**4.  Same—Charge Held Proper.**

Where plaintiff, a railway employe, was injured by a coal car that was being pushed at a place where employes were likely to be, it was not error for the court to charge that if he was struck by cars operated by defendant, and those in charge of the engine failed to keep the proper lookout for persons on and about the track, and that if they had kept a proper lookout they would have seen plaintiff in time to have avoided injuring him, and if this failure was negligence under all the circumstances, and was the proximate cause of plaintiff's injury, and if plaintiff did not assume such risk, to find for plaintiff.

**5.  Same—Verdict Not Excessive—Railway Brakeman.**

Where a railway brakeman 28 years old, earning $100 to $125 per month, was negligently injured, so that he lost an arm, his vision was permanently impaired, his collarbone fractured, his nose probably broken, and he was otherwise seriously cut and bruised and suffered great pain, a verdict for $10,000 was not excessive.

Appeal from El Paso.  Tried below before Hon. J. M. Goggin.

*Beall & Kemp,* for appellant.

*Millard Patterson* and *C. M. Buckler,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee, a brakeman of appellant, sued for damages, alleging in substance that on the night of January 8, 1899, he was engaged in coupling a box car to the engine attached to the train with which he was working; that after he had made the coupling and had stepped out and was walking along by the side of his train looking over the same, he was struck by a coal car which was being pushed by an engine of the defendant on a parallel track, and which came up behind him without any signal or warning, thereby knocking him down, causing him serious and permanent injuries. The forms of negligence alleged upon which the case was submitted to the jury were (1) negligence of defendant's employes in failing to have a light, or some person, on the forward end of the moving coal car; and (2) negligence of defendant's employes connected with the coal car and engine in not keeping a proper lookout for persons on or about the track. Verdict for plaintiff for $10,000.

The jury found negligence in one or both of these respects, and found that plaintiff was not guilty of contributory negligence, and this we state as our conclusions of fact.

Discussion of the assignments of error will be simplified by referring to the evidence which relates to a printed rule relied on to great extent by defendant. "Rule 104. When a train is being pushed by an engine (except when shifting and making up trains in yards) a flagman must be stationed in a conspicuous position on the front of the leading car, so as to perceive the first sign of danger and immediately signal the engineman." The injury occurred in the yards of the defendant at El Paso. Plaintiff's acquaintance with this rule was shown. But testimony in the case discloses that the defendant's representatives, notably the superintendent, required observance of the rule in and about its yards, in the cases of the exceptions stated in the printed rule. The printed rule would not be absolute, if modified and changed by the company, and thus acted upon. It was shown also that it had long been the practice and custom to observe the rule in and about the yards. In view of this testimony, it was not error for the court to refuse to assume that the rule as printed governed. This disposes of the second, third, eighth, eleventh, thirteenth, fourteenth, and fifteenth assignments. In this connection we may dispose of the thirteenth assignment, which claims that it was not competent to prove by parol a different custom or rule from the printed rule. It appears to be well settled that it may be shown that a rule was not enforced, and thus was abrogated. Railway v. Gormley, 91 Texas, 401. It was certainly competent, to show that the superintendent had, by his direction, changed the rule, and that this change had been reduced to practice would more clearly show the change of rule.

It was not necessary for plaintiff in this case to allege that he was exercising due care for his safety. The burden of alleging and proving contributory negligence was on the defendant. This disposes of the first, tenth, and twelfth assignments. The fourth and fifth assignments are not well taken, for the court did not submit as issues the matters mentioned. The .portions of the charge referred to in the sixth and seventh assignments do not assume defendant's negligence, nor excuse plaintiff from contributory negligence. Therefore they are not sustained.

The coal car was being pushed at a place where employes were likely to be. It was not error for the court to charge that if Collins was struck by cars operated by defendant, and those in charge of the engine, caboose, and coal car failed to keep a proper lookout for persons on or about the track, and that if they had kept a proper lookout they would have seen plaintiff in time to have avoided injuring him, and if this failure was negligence under all the circumstances, and was the proximate cause of plaintiff's injury, and that plaintiff did not assume such risk, to find for plaintiff. The charge was correct, and not subject to the objections advanced in the ninth assignment. Railway v. Harvin, 54 S. W. Rep., 631.

Plaintiff was 28 years old when injured, and was earning from $100 to $125 a month. He suffered the loss of an arm, incapacitating him for service as brakeman. His collar bone was fractured and his nose injured, probably broken, and he was otherwise severely cut and bruised and suffered great pain. His vision appears to have been permanently impaired. We are unable to declare the verdict excessive.

*Affirmed.*

Writ of error refused.