Galveston, Harrisburg & San Antonio Railway Company v.
Lillie Gormley (now Burnett) et al.

No. 618.—Decided January 17, 1898.

1.  Negligence—Degree of Care—Charge.

It is incorrect to instruct the jury that the "degree" of care required is higher when lives are endangered. The degree imposed is that of ordinary care, and does not vary with increase or dimunition of danger, though the quantum of diligence to be used differs under different conditions. (P. 399.)

2.  Same.

A definition of ordinary care as that degree of care which may reasonably be expected of one in the situation of the person injured, is erroneous as applied to the care required of the defendant. (Pp. 399, 400.)

3.  Same.

A charge imposing upon a railway company the duty "to do everything that can be reasonably done" for the safety of its employes and "to have the structures along its line reasonably safe" is erroneous. The duty was, to use the care of a person of ordinary prudence, under the circumstances, to furnish appliances reasonably safe. (P. 400.)

**4.  Master and Servant—Violating Rules—Burden of Proof.**

A charge upon the effect of a servant's violation of the employer's rules, which requires the jury to find from a preponderence of the evidence that the employer exacted obedience of such rules by its employes and that the employe knew of the existence of the rule and of its enforced observance, in order to establish a defense based on its violation by the employe is incorrect.  He is presumed to know the rule, and its abrogation by non-enforcement, if relied on to defeat its effect, should be established.  (P. 401.)

**5.  Evidence—Objection to Part of Answer.**

Where an objection extends to only a part of an answer of a witness in a deposition, the objector should separate the admissible part from the inadmissible, and it is not error to overrule his objection to the entire answer.  (P. 401.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Gonzales County.

Lillie Gormley et al. sued the railway company for damages caused by the death of D. J. Gormley, an employe of defendant, by its negligence.  Plaintiffs recovered judgment, which was affirmed on appeal, and the company obtained writ of error.

*McNeal, Harwood & Walsh* and *A. L. Jackson*, for plaintiff in error.—The trial court erred in refusing to permit J. T. McQueeney, a witness for defendant, and its division superintendent, to remain in the court room during the trial of said cause for the purpose of aiding and co-operating with the appellant's counsel in the trial of said cause, and in refusing to excuse and exempt said McQueeney from the rule invoked by counsel for plaintiffs.  Watts v. Holland, 56 Texas, 58; Rev. Stats., arts. 1209, 2300; Constitution, art. 1, sec. 19; Cooley's Constitutional Limitations, 354, 355.

Since the deceased did not belong to the class of persons included in the mortality table, upon which the testimony of the witness, Barber, was predicated, the testimony was irrelevant and immaterial, and was calculated to prejudice the rights of plaintiff in error.  Rajnowski v. Railway, 74 Mich., 27; Steinbrunner v. Railway, 146 Pa. St., 514; Scheffler v. Railway, 32 Minn., 518; Giaque & McClure's Present Value Tables, pp. 185 to 189.

When a trial judge, by his charge, undertakes, as in this instance, to enumerate the grounds of action and of defense set forth in pleadings, he must state all the grounds of defense on which there is substantial evidence, and his failure to do so tends to indicate that he considers the grounds so omitted to be untrue or unimportant.

The effect of the fifth paragraph of the charge [see opinion] was to instruct the jury that the defendant owed the duty, under the circumstances, to exercise more than ordinary care, or a degree above such care.  Railway v. McCoy, 38 S. W. Rep., 36; Railway v. Bell, 75 Texas, 50; Railway v. Oram, 49 Texas, 341; Railway v. Lyde, 57 Texas, 509; Pierce on Railroads, 370; 5 Rapaljie & Mack's Digest, 77.

To define ordinary care as "that degree of care which may reasonably be expected of a person in the situation of the person alleged to have

been injured, at the time the injury was inflicted," was equivalent to saying, that ordinary care is such care as any person (including the most prudent, as well as ordinarily prudent) would use in the situation of deceased; and we insist that the court should have given a full and complete definition of ordinary care, which could be applied to the conduct of appellant, as well as to that of deceased.

When a railway company exercises ordinary care to maintain and keep structures and appliances along its track reasonably safe for the use of its servants, the full measure of its duty is performed, and we contend that the effect of the 10th paragraph of the charge [see opinion] is to require railway companies absolutely, and at all events, to keep structures and appliances reasonably safe. Railway v. McCoy, 38 S. W. Rep., 36; Railway v. Bell, 75 Texas, 50; Railway v. Oram, 49 Texas, 341.

It is error for the trial court by its charge to emphasize or give undue prominence to the testimony, or any particular fact or circumstance material to the issue, and that in this particular the charge of the court was ereoneous. Railway v. Kutac, 76 Texas, 478; Medlin v. Wilkins, 60 Texas, 415; Stooksbury v. Swan, 85 Texas, 573; Mortgage Co. v. Norton, 71 Texas, 689; Land Co. v. Gardner, 25 S. W. Rep., 737.

When the master, through bad judgment or negligence, erects structures along its track, or maintains the same in such a manner as to make them defective and unsafe, which defective condition is general and uniform and open to the observation of the servant, then those who enter or remain in the employment of the master without complaining of such condition of the structures, assume all risks incident to the performance of their duties in connection therewith. Railway v. Conrad, 62 Texas, 628; Railway v. Bradford, 66 Texas, 732; Railway v. Somers, 71 Texas, 701; Green v. Cross, 79 Texas, 131; Crawford v. Railway, 33 S. W. Rep., 534; Shearman & Redfield, Negligence, sec. 94.

Where it appears by pleading and proof that an employe has violated a given rule adopted and promulgated by a railway company for the mutual protection and control of those engaged in the service, the burden is not on the railway company to show: (1) that its rules were enforced, and were not obsolete; (2) that the deceased knew of and was familiar with the rules; (3) that the deceased knew of the enforced observance of the rules. But the burden is upon the person seeking to avoid the effect of such violation to show the reverse of each of these propositions. Pilkinton v. Railway, 70 Texas, 230; Railway v. Ryan, 69 Texas, 665; Railway v. Watts, 63 Texas, 552; Watson v. Railway, 58 Texas, 438; Railway v. Callbreath, 66 Texas, 528; 14 Am. & Eng. Encycl., Law, 908; Woods' Master and Servant, sec. 419.

The court erred in its refusal to reverse the judgment on account of the action of the trial court in permitting the eleventh interrogatory to be propounded to the witness Chimar Robertson, and in permitting the answer of said witness thereto. Over appellant's objection, the witness Chimar Robertson was permitted to testify as follows: "I was ac-

quainted with the water spout at this place at that time, and had seen the water spout time and again very often, and had also seen the water spout hanging down once or twice before the accident, and reported the fact to W. J. Robinson, the agent of the company at this place." Counsel for appellant objected to this testimony, because: (1) There were no allegations in plaintiff's pleading that would authorize such testimony. (2) Even if the tank spout had been out of position before the accident occurred, at some indefinite and uncertain time, such fact would not of itself be the cause of the injury, nor indicate the condition or position of the spout at the time of the injury, nor show negligence on the part of appellant in regard to the spout. (3) It is not shown that the agent, W. J. Robinson, was authorized to bind appellant by his acts or information, or that the information said to have been given him by the witness was in the course or within the scope of his service. Cuney v. Dupree, 21 Texas, 211; Stephen's Digest, Evidence, art. 10, vol. 1; Greenleaf, Evidence, sec. 50; Railway v. Ragsdale, 67 Texas, 24; Railway v. Sherwood, 84 Texas, 135; 2 Wharton, Evidence, 326, 327.

*A. B. Davidson* and *Atkinson & Abernethy*, for defendants in error. —The charge of the court should be taken as a whole; and if as a whole, it properly instructs the jury as to the law applicable to the case made under the pleadings and legal evidence, it is not open to legitimate criticism because the whole law applicable to any one phase of the case is not stated in one or more paragraphs.

The explanation of "ordinary negligence" in the charge was correct as far as it went; and it went sufficiently far to inform any jury of ordinary intelligence as to what ordinary care is, and to further inform them that ordinary care only was required of defendant under the circumstances. If defendant desired a fuller definition of ordinary care and defendant's duty to its employe, it should have prepared and submitted charges containing such definition; and not having submitted further charges on the question, it cannot now be heard to complain of the failure of the court to give a fuller definition of the term "ordinary negligence." Railway v. Brazzil, 78 Texas, 316; Railway v. McCarty, 82 Texas, 611; Railway v. Daniels, 20 S. W. Rep., 955; Railway v. Peay, 26 S. W. Rep., 768. Not reversible error because of charge not being fuller on ordinary negligence, in absence of request for additional instruction thereon; see Mayer v. Walker, 82 Texas, 227; Thompson v. Hawkins, 39 S. W. Rep., 187, and authorities cited; Shumard v. Johnson, 66 Texas, 70; see also Notes 3, 3b, under art. 1316, Sayles' Rev. Stats., 1897. For charge identical with charge complained of, approved by our Supreme Court, see Railway v. Gorbett, 49 Texas, 574; see also, Railway v. Randal, 50 Texas, 254; Railway v. Cook, 16 S. W. Rep., 1038; Railway v. Stewart, 57 Texas, 166.

No error is contained in par. 10 of the court's charge. The expression "To do everything that can be reasonably done for the safety of

their employes, and to have the structures erected along and by their lines of road * * * to be reasonably safe, and the attachments thereto, to be reasonably safe," simply means that reasonable care is required of railway companies in providing for the safety of their employes, and in furnishing and maintaining structures along their roads, and applicances thereto, reasonably safe. And taken in connection with the subsequent charge of the court, wherein it is stated that only ordinary care is required of defendant, and that it can be held for only ordinary negligence, reasonable care, means simply ordinary care. But, if under hypercritical examination, a defect be found in the charge, it is microscopic, and being simply the statement of an abstract legal principle, it is amply corrected by other charges given. The charge should be construed in its entirety; and if correct as a whole, as applied to the testimony, it is sufficient, although isolated parts, standing alone, might be error. Railway v. Corley, 29 S. W. Rep., 232; Railway v. Nix, 23 S. W. Rep., 329; Johns v. Brown, White & W. C. C., sec. 1017; Railway v. Crenshaw, 71 Texas, 340; Railway v. Silliphant, 70 Texas, 623; Railway v. Shearer, 21 S. W. Rep., 133; Railway v. Wells, 81 Texas, 685; Railway v. Hogsett, 67 Texas, 688. As to duty of master to furnish and maintain suitable appliances: "The master is bound to furnish suitable machinery and appliances for the safe discharge of the employe's duties, and to keep them in repair." Chief Justice Willie in Railway v. McNamara, 59 Texas, 257, citing, Wood, Master and Servant, sec. 329. See also Railway v. Marcelles, 59 Texas, 338. "It is well settled that it is the duty of a railway company to use great care in furnishing to its employes safe machinery to be used in the prosecution of its business." Stayton, Justice, in Railway v. O'Hare, 64 Texas, 602. See also Railway v. Crow, 22 S. W. Rep., 929. "The company is bound to use reasonable care to prevent accidents to its employes, and to this end, is bound to furnish suitable machinery and appliances, and use a like reasonable care in keeping them in proper repair." Hough v. Railway, 100 U. S., 312; 3 Woods' Railway Law, sec. 373. The announcement of a general principle in a charge, which may in the abstract be wrong, will not cause a reversal if it be so modified by other portions of the charge, in view of the facts of the case, that it could not affect the rights of the party complaining. Railway v. Wright, 62 Texas, 515; Railway v. Robinson, 23 S. W. Rep., 434; Moore v. Moore, 73 Texas, 382; Railway v. James, 10 S. W. Rep., 332; Railway v. McCoy, 38 S. W. Rep., 36; Pierce, Railways, 370.

In order for an employe to be bound by rules made by the master for the government of employes, it must be shown, that such rules exist; that they are reasonable; are being enforced; and are known to the employe sought to be bound. The burden is upon each party to a suit setting up affirmative facts, to prove such affirmative facts by a preponderance of evidence; and it is proper for the court to so charge. Affirmative matters pleaded by the defendant must be proved; and are consid-

ered as denied, under the general issue. No necessity of denial by plaintiff of affirmative matter pleaded by defendant. Rev. Stats., 1895, art. 1193; McKinney v. Nunn, 82 Texas, 44.

Defendant's rules should be reasonable, in force, and known to the servant. Receivers v. Moore, 22 S. W. Rep., 276; also Railway v. Callbreath, 66 Texas, 529, where it is held that the rule cited by defendant is subject to qualification. Burden on company to show that its rules are known to servant. Sprong v. Railway, 58 N. Y., 56; 3 Woods' Railway Law, sec. 382; 14 Am. & Eng. Encycl., Law, 909. In the absence of the allegation of proof of contributory negligence by plaintiffs on the part of their intestate, the burden then devolves upon the master to prove contributory negligence by a preponderance of the testimony. Railway v. Redeker, 67 Texas, 188; Railway v. Randal, 50 Texas, 254; Railway v. Bennett, 76 Texas, 151.

BROWN, Associate Justice.—This suit was instituted by Lillie Gormley—now Burnett—in her own right and as next friend of her infant son, D. J. Gormley, and by Thomas and Ann Gormley, to recover of the railroad company damages for the death of David Gormley, who was the husband of Lillie and the father of the minor D. J. Gormley, and was the son of Thomas and Ann Gormley. During the pendency of the suit, Lillie Gormley intermarried with V. D. Burnett, who joins her in this action. The Court of Civil Appeals filed the following conclusions of fact:

"On the 27th day of August, 1892, the appellee, Lillie Burnett, was the wife of D. J. Gormley; the appellee David J. Gormley is his son, and Thomas and Ann Gormley are deceased's parents. On the date above mentioned D. J. Gormley was in the employ of appellant company in the capacity of a brakeman on one of its freight trains, which was then being run over its road; that on the night of the day stated D. J. Gormley was sitting on top of one of the cars of said moving train in the performance of the duty of his employment, and that while so riding upon said car in his place of duty, he was, without any fault or negligence on his part proximately contributing to the accident, struck by a spout attached to one of appellant's water tanks, which spout the appellant negligently allowed to be and remain out of repair and to overhang its railroad track and car upon which Gormley was sitting, and the force of the blow from said spout knocked him off the car and he was run over by the cars attached to said train, and thereby so injured that he died on the following day. That by reason of his death, which was proximately caused by said negligence of appellant, his wife Lillie was damaged in the sum of $2500, and his son David J. in the sum of $4000."

Upon a trial before a jury, verdict was returned and judgment rendered for the plaintiff for $6500, which was apportioned as follows: $2500 to Lillie Burnett and $4000 to the son of D. J. Gormley; which judgment was affirmed by the Court of Civil Appeals.

In its application for this writ of error the railroad company sets up a number of grounds that we do not think it necessary to give special attention to, because they are either immaterial or not well taken. We will consider such of the grounds presented in the petition for writ of error as we deem to be material and necessary to be examined with a view to another trial.

The judge of the trial court charged the jury as follows:

"4th. Negligence in a general sense is any omission to perform a duty imposed by law for the protection of one's own person or property or the person or property of another.

"5th. Negligence to some extent should be measured by the character, risk and exposure of the business engaged in, and the degree of care of all parties is higher when the lives and limbs of themselves or others are endangered than in ordinary cases.

"7th. By ordinary care is meant that degree of care which may reasonably be expected of a person in the situation of the person alleged to have been injured, at the time the injury was inflicted."

The fourth and fifth paragraphs of the court's charge to the jury announce abstract principles of law which furnished no guide to the jury in deciding upon the issue of negligence. That portion of the fifth paragraph which informed the jury that "the degree of care of all parties is higher when the lives and limbs of themselves or others are endangered than in ordinary cases" is not correct as applied to this case. According to that statement the degree of care required of the defendant towards the deceased would be higher, if his life and limbs were endangered in the service, than towards another employe who was not exposed to such danger. The law imposed upon the defendant the exercise of ordinary care to provide, for each and all employes, machinery, road-bed and appliances reasonably safe, and to exercise like care to maintain them in that condition. The degree of care does not vary with the increase or diminution of danger, it continues to be ordinary in degree, but the quantum of diligence to be used differs under different conditions. G., C. & S. F. Ry. v. Smith, 87 Texas, 348. For example, we will suppose that in the construction of defendant's railroad it built a culvert over a small ravine, the foundation and timbers of which were comparatively light, and that it also constructed a bridge over a river, putting in piers with heavy foundations deeply laid in the earth, and using iron for the superstructure instead of wood. In each instance the degree of care required, as to employes, was ordinary, but the amount of care to be exercised in the construction of the bridge was much greater than in building the small culvert, because there would be greater danger in its use, and a man of ordinary prudence would use more diligence to provide against injury.

The seventh paragraph gives the only definition of ordinary care that is to be found in the charge of the court. If intended to apply to the defendant, it was erroneous in making the conduct to be expected of the deceased the standard, leaving each juror to determine what might be

reasonably expected of the injured party. The care which the defendant was bound to exercise towards deceased could not be determined by what the latter would be expected to do. The degrees of care to be used by both might be the same, but not necessarily so. If the deceased had been a passenger the care exacted of him would have been ordinary, while the law would have imposed upon defendant the highest degree. The degree of care is fixed by the relations of the parties as master and servant or carrier and passenger, but the quantum of vigilance to be exercised must be determined by the circumstances; more care must be used whenever there is greater danger.

The tenth paragraph in the court's charge is in part as follows: "It is a duty imposed by law upon the railway companies to do everything that can be reasonably done for the safety of their employes, and to have the structures erected along and by their lines of road for use in connection with the running and operating of their trains along such lines of road to be reasonably safe; and a failure to do so will render a corporation liable for any damage resulting to such employes." This charge imposed upon the railroad company a degree of diligence which is not required of it except as a carrier of passengers. To "do everything that can be reasonably done" is all that could be expected of very prudent persons and constitutes the highest degree of care that the law imposes upon railroad companies. The law does not require the railroad company as a duty to employes "to have the structures to be reasonably safe," but requires that it should exercise ordinary care to keep them in that condition. It may be that the judge who drew this charge intended that it should read "and do everything that can reasonably be done to have the structures," etc. If, however, we read it in that way, it is still subject to the objection that it imposes a greater burden upon the railroad company than is required by law. The railroad company was required by law to use such care as a person of ordinary prudence would have used, under like circumstances, to furnish structures and appliances which were reasonably safe, and to use such care to maintain them in that condition.

In the thirteenth paragraph of the charge given by the court to the jury, it is in substance stated that it is lawful for a railroad company to make reasonable rules and regulations for the government of its employes in the discharge of their duties, and that an employe who willfully or negligently disobeys such rules or regulations, and is thereby injured, cannot hold the railroad company liable for such injury; and the charge continues in the following language: "But in order to find for the defendant company on this issue, you must find from a preponderance of the evidence that the defendant company was exacting the observance of such rules by its employes, and that said Gormley knew of the existence of said rules and of their enforced observance by the defendant at the time he was injured, and that, at the time of his injury, he was violating said rules, and that the act done by him in violation of said rule was the proximate and not the mediate cause of his

death." We think there was error in the latter part of the charge above quoted, but that it was immaterial and would not require a reversal of the judgment in this case, because it does not appear from the evidence that the injury which was received by Gormley resulted from a violation of the rule introduced in evidence. But we have thought proper to comment upon this charge and point out its error in view of another trial.

When the proof shows that the railroad company has made and promulgated rules and regulations for the government of its employes, it is not necessary that the evidence should show that the employe claiming to have been injured had knowledge of the existence of such rule, but in the absence of proof to the contrary he will be presumed to know of the rules and regulations established by the company. Pilkinton v. Railway, 70 Texas, 230; M. P. Railway Company v. Watts, 63 Texas, 552; Railway Company v. Callbreath, 66 Texas, 528. This charge not only required of the defendant to prove that the deceased knew of the rule, but also to prove that the defendant was insisting upon and enforcing the observance of the rule by its employes. If the plaintiffs relied upon the abrogation of the rule by its non-enforcement, it devolved upon them to establish that fact.

The first special charge asked by the defendant, which was given by the court, contains every material proposition applicable to this case that is embraced in the seventh special charge requested by the defendant, which was refused by the court, and which is here complained of as error. There was no error in the court refusing to give in charge that which had already been submitted to the jury.

The trial court did not err in overruling the objection to the testimony of Robinson, as shown in bill of exception No 4, because a part of it was admissible and the objection was to the whole. The court was not required to separate the admissible from what was inadmissible; the objector should do that. If the evidence did not show that the agent to whom notice was given had such connection with the tank as to make it his duty to give notice of its condition or to repair it, that part of the evidence should have been excluded on proper objection or motion.

The District Court erred in the 5th, 7th and 10th paragraphs of the charge given to the jury, for which errors the judgments of said District Court and of the Court of Civil Appeals are reversed and this cause is remanded.

*Reversed and remanded.*