## TEXAS CENTRAL RAILROAD COMPANY V. MARTIN POWELL.

### Decided February 1, 1905.

**1.—Master and Servant—Negligence—Pleading.**

A petition seeking recovery on behalf of a brakeman injured by being thrown from a car through a defect in a brake rod, need not disclose the name of the conductor in charge of the train nor the number or other description of the car on which he was attempting to set the brake.

**2.—Declarations—Res Gestae.**

A statement of the injured plaintiff to the effect that he was badly hurt, made at the place of injury and about five minutes after receiving it, was admissible as res gestae.

**3.—Declarations—Expressions of Present Pain.**

Declarations which are expressions of present pain from injuries, though not connected in point of time with the receiving the injury, are admissible as evidence of the suffering.

**4.—Same—Pleading.**

The admission of complaints of present suffering made after the injury was received was not ground for reversal, though referring to pain in a part of the body not alleged to have been injured, where their admission was qualified by the court with the instruction that it should be considered only as evidence as to whether plaintiff was hurt at all, and not warranting a recovery for an injury not pleaded.

**5.—Evidence—Objection.**

Where evidence is admissible in part only, error in admitting it will not be considered upon an objection going only to the admissibility of the whole.

**6.—Charge—Omission—Request.**

Mere omission in the charge is not ground for reversal in the absence of a request for instruction upon the point.

**7.—Assignment—Proposition.**

An assignment of error will not be considered where it is not in itself a proposition and the proposition submitted under it presents, not a reason for reversal, but a mere legal abstraction.

**8.—Contributory Negligence—Discovered Defects.**

Evidence considered and held not sufficient to raise the issue of contributory negligence on the part of a brakeman arising from his discovery of defects in a brake rod while attempting to set the brake.

Appeal from the District Court of Hamilton County. Tried below before Hon. N. R. Lindsey.

*Clark & Bolinger* and *A. R. Eidson,* for appellant.—The plaintiff should have alleged the name of the conductor under whom he was

working at the time of the alleged injuries, or alleged that the name of the conductor was unknown to him.

The plaintiff in his petition should have described the car on which he claims the brake was defective. Lemmon v. Hanley, 28 Texas, 220; Ware v. Shaffer, 88 Texas, 46.

Statements of injured persons must be confined to involuntary expressions of present pain or suffering. Hicks v. Railway Co., 71 S. W. Rep., 322; St. Louis S. W. Ry. Co. of T. v. Martin, 26 Texas Civ. App., 231, 63 S. W. Rep., 1089; Williams v. Railway, 37 Law Rep. Ann., 199.

Statements by injured persons which relate to past transactions or symptoms are not admissible. Same authorities.

When the petition alleges the organs and parts of the body claimed to have been injured, the admission of evidence of injuries to other organs and other parts of the body is error. Texas State Fair v. Marti, 30 Texas Civ. App., 132, 69 S. W. Rep., 432.

For the court to ignore a defensive issue presented by the pleadings and proof of the defendant is error, and may be complained of in a general assignment alleging error in the charge given. Metcalfe v. Lowenstein, 35 Texas Civ. App., 619, 81 S. W. Rep., 362; Cotton States Bldg. Co. v. Jones, 94 Texas, 497.

It is error for the court to give an instruction against the interest of a party on an issue in the suit and such party need not request a proper instruction.

The verdict of the jury is contrary to and not supported by the evidence in this; the evidence shows that if plaintiff was injured, such injuries were the proximate result of his own voluntary act in voluntarily straining himself in an effort to set a brake after he had discovered the defective condition of said brake and that same could not be set or operated.

*Dewey Langford,* for appellee.—The plaintiff must state his cause of action with sufficient particularity to apprise the defendant of the special case he is called on to defend, and defendant can not complain if he has not been misled in the matter. International & G. N. R. R. Co. v. Pape, 73 Texas, 502, 11 S. W. Rep., 526.

When particular facts lie more in the knowledge of the adverse party than of the party pleading, less particularity is required in alleging them.

Complaints of bodily pain, contemporaneous with the sensation, whether made to a physician or any other person, are admissible in evidence. Rogers v. Crain, 30 Texas, 284; Houston & T. C. Ry. Co. v. Shafer, 54 Texas, 641; Newman v. Dodson, 61 Texas, 91; Houston & T. C. Ry. v. Ritter, 16 Texas Civ. App., 485, 41 S. W. Rep., 753; Jackson v. Missouri, K. & T. Ry., 23 Texas Civ. App., 320, 55 S. W. Rep., 376; 1 Greenleaf on Evidence, sec. 102.

The witness testifying that he stood within ten or twelve feet of where the alleged injury occurred, looking at the injured party when the collision occurred, and saw him thrown nearly the length of the car, the further statement of the witness, that as soon as the injured party got off the car he came by where the witness was standing and remarked "I am hurt bad," is admissible as part of the res gestae,—the time

elapsing between such injury and the statement to witness being estimated by the latter at about five minutes. International & G. N. Ry. v. Anderson, 82 Texas, 519; Texas & P. Ry. v. Hall, 83 Texas, 682; DeWalt v. Houston & T. C. Ry., 22 Texas Civ. App., 48, 55 S. W. Rep., 534; Gulf, C. & S. F. Ry. v. Bell, 24 Texas Civ. App., 598, 58 S. W. Rep., 614; Missouri, K. & T. Ry. v. Vance, 41 S. W. Rep., 169; San Antonio & A. P. Ry. Co. v. Gray, 95 Texas, 424, 67 S. W. Rep., 763.

The issue being whether plaintiff was injured at all, it was permissible to prove by the witness that plaintiff asked him to send for a doctor, and complained that he was hurt in or about the groins, though plaintiff's petition did not allege any injury in or about the groins;— the court having stated to the jury that plaintiff could only recover for such injuries as were alleged in his petition.

The court having submitted fully and as favorably to appellant as the law would warrant, every defensive matter pleaded in the court below, the appellant has no ground for complaint.

The evidence does not show that if plaintiff was injured such injuries were the proximate result of his voluntary act after he had discovered the defective condition of the brake, and, therefore, the verdict of the jury is not contrary to and unsupported by the evidence.

RECTOR, SPECIAL ASSOCIATE JUSTICE.—This suit was instituted by Martin Powell, appellee, against the Texas Central Railroad Company, appellant; to recover damages for personal injuries inflicted upon him while acting as a brakeman for appellant. In a trial to a jury, appellee recovered a verdict and judgment for $2,500.

Appellant does not in any assignment complain of the verdict and judgment as being unsupported by the evidence, nor is complaint made that the verdict is excessive. The only complaint assigned relating to the verdict and judgment is that the same is not supported because the testimony shows that appellee was guilty of contributory negligence, and therefore could not recover at all. Under the circumstances we need not make a detailed finding of facts. We therefore find that appellee was injured at the time, place and under the circumstances stated in his petition; and that he was damaged in the sum of $2,500, as found by the jury. We will make our findings upon contributory negligence when we discuss that assignment.

Appellee sues for injuries sustained by him while in the employ of the railroad company as its brakeman on the 15th day of December, 1901. The injury was alleged to have occurred in the town of Dublin.

The petition alleges that the plaintiff was in the employ of the defendant working as its brakeman. That in pursuance of said employment, and under the directions of his superior (the conductor of the train on which he was working), plaintiff attempted to set a brake on a freight car, which at the time had been kicked or cut loose from the train and was moving rapidly down the track, which plaintiff was expected and it was his duty to stop by using and operating a brake in order to prevent its collision with other cars already set out on the track. That when plaintiff attempted to use said brake in the usual manner and in the manner in which plaintiff had been instructed to use

the same, said brake failed to operate. That said car was moving rapidly and that plaintiff first attempted to set the brake in the ordinary way, but that it failed to operate, and plaintiff seeing that a collision was imminent unless said car was stopped and in the exigency and emergency, and he being required and expected to stop the car, threw his entire weight and strength against said brake in an effort to operate the same. That the brake failed to perform the ordinary function, and said car struck another car standing upon the track with great force, and that by reason of this the plaintiff was violently thrown down and injured. The particular injuries were specifically set out in the petition.

Plaintiff alleged negligence on the part of the defendant in that the brake rod was defective and bent so that the brake could not be operated on the occasion stated. Plaintiff further alleged the care and caution used by him to set said brake.

The defendant answered by demurrer, special exceptions and general denial, and also plead assumed risk and contributory negligence. Defendant's special exceptions challenging the sufficiency of the petition because the same did not disclose the name of the conductor in charge of the train and under whom plaintiff was working, and the number of the car and other specific description of the car upon which appellee was attempting to set the brake were not given, were properly overruled, and appellant's assignments of error complaining of the action of the court in overruling said exceptions are not well taken.

In its sixth assignment of error, appellant complains of the admission in evidence of certain testimony of the witness Hickman, because such testimony was hearsay and selfserving, and opinion and conclusion of the witness as to the character and extent of his injuries. The testimony admitted and complained of was: "I spoke to him (meaning appellee) in about five minutes, or as soon as he got off the car, and he said 'I am bad hurt,' and went up to the track toward the engine."

The statement of facts shows this witness was standing nearby when the accident occurred and witnessed it. He saw the appellee when he was thrown by the collision of the car on which he was attempting to set the brake with the other cars on the track. In fact, the time between the accident and the time of making the statement must have been much less than five minutes. This testimony was clearly res gestae, and admissible under the well established and unbroken line of decisions. (Texas & P. Ry. Co. v. Barron, 78 Texas, 423; International & G. N. Ry. Co. v. Anderson, 82 Texas, 518.)

On the trial the court overruled the objection of the appellant that the testimony was hearsay and selfserving, and permitted the witness Estes to testify: "While plaintiff was at my house he appeared to be suffering. I was not at home when he came to my house. When I came home the plaintiff was in bed, and I think it was the next day he went to Hillsboro to see his mother and I went with him. I went to Hillsboro with him and came back next day, and he stayed there until his mother died, I think January 11, and after she died we brought him back to our house and he was there something like six or eight weeks. He seemed to be suffering with his side. At the time he seemed to be suffering, he complained to me of his side and asked us very often to rub it with liniment." The court, also, over similar objections on the

part of appellant, permitted the witness W. J. Powell to testify: "I saw my son Martin Powell, sometime in December, 1901, in Hillsboro. He had been on the railroad at work and came in home hurt and was hurt in the side and complained of it. When he came in he seemed to be drawed over and was kinder humped over and complained of his side. He was suffering then, for I had a doctor with him and he complained of his side."

We think the testimony of both of these witnesses was properly admitted in evidence by the court. (Rogers v. Crain, 30 Texas, 284; Houston & T. C. Ry. Co. v. Shafer, 54 Texas, 648; Texas & P. Ry. Co. v. Barron, 78 Texas, 423; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356.)

We do not believe the action of the court in admitting the testimony quoted of these witnesses in any manner violated the rule that a witness can not detail past transactions as to the mode and manner of his injury. The decisions seem to make no distinction between laymen and expert medical men as regards the admissibility of their testimony in matters relating to expressions of pain. It may be that a jury would give more weight to the testimony of the medical man than to the other, but the testimony of both is admissible. The bills of exceptions in the record disclose that the court confined the testimony of the witnesses to expressions of pain that appellee was then suffering, and did not permit the witnesses to testify to any statements on the part of the appellee of past transactions or pain that he had suffered.

In its eighth assignment of error, appellant complains that the court erred in admitting in evidence the testimony of the witness Hickman: "Powell asked me to telephone for a doctor the second night about eight o'clock and said he was hurt in or about the groins."

The bill of exceptions in support of this assignment is as follows: "The plaintiff offered to introduce in evidence before the jury the following questions to and the answers thereto of the witness A. P. Hickman, who testified herein by deposition, to-wit: Q. Was he complaining at the time, and if so state what he said and how he complained? Whereupon the defendant objected to said question, or to the answer thereto being introduced before the jury, for the reason that it was hearsay and opinion of the witness, and because there is no allegation in the petition that the plaintiff was hurt about the groins, and because the same would not be a part of the res gestae, as it occurred two days after the alleged injury, and the testimony is not that made in the course of the examination of a medical man. And the court overruled the objection of the defendant and permitted the plaintiff to introduce said question and the answer thereto, and the plaintiff thereupon did introduce before the jury the following question and answer of said witness, to-wit: 'Was he complaining at the time and if so state what he said and how he complained?' A. 'Powell asked me to telephone for a doctor. He said he was hurt in or about the groins.'

"The above bill is granted with the explanation that I did not admit the same, and so stated to the jury at the time, for the purpose of permitting the plaintiff to recover damages for injuries that were not alleged in his petition, and stated as there was no allegation in the petition

that he was hurt about the groins, the jury would not consider the same as affording any ground for the recovery of any damages, but merely admitted the same as a part of the res gestae of the occasion for the consideration of the jury on the general issue as to whether or not he was hurt at all, and thinking it was admissible on that issue as to whether or not he was hurt at all, and thinking that it was admissible on that issue as a part of the res gestae, although he may have been mistaken at the time as to what particular part about him was hurt."

It is apparent from the bill that the statement as to his injuries was .of present pain; and that, as qualified by the court, no injury could have resulted to the appellant.

In view of the fact that appellee was suing for medical bills incurred, that portion of the testimony relating to the sending for a doctor was unquestionably admissible, even if it be conceded that that part relating to injuries was not. Where objection is to the whole testimony, part admissible and part not, the action of the court in overruling the objection will not be reviewed. If appellant's purpose was to exclude that portion of the answer "He said he was hurt in or about the groins," the objection should have been made to that particular portion, and not to that and other admissible testimony in the one objection. We are, therefore, not called on to pass upon this assignment further than to say that as presented there was no error in admitting the testimony. (Galveston, H. & S. A. Ry. Co. v. Gormly, 91 Texas, 401.)

If, however, we were required to pass upon the question, we would hold that the testimony was but the expression of present physical pain; a verbal act, and res gestae of the pain then suffered. We are of the opinion that the authorities already cited under similar assignments support this conclusion. We think the action of the court in admitting the above and similar testimony already discussed, does not conflict with the views expressed by our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Johnson, 95 Texas, 411. In that case the occasion was prepared by the plaintiff, and the doctor called in to make the examination, not for the purpose of treatment, but solely for the purpose of qualifying the doctor as an expert witness in his behalf on the trial of his case. Speaking for the court, Justice Williams uses this language: "This writ of error was granted because the court thought there was error in the admission of the mere declaration of plaintiff of the fact of his suffering pain, made to an expert, on an occasion prepared by himself, for the sole purpose of furnishing the expert with information on which to base an opinion favorable to plaintiff. That such declarations, made under such circumstances, are not admissible, is held by many authorities which seem to be better supported by reason than those taking a contrary view."

That decision seems to be mainly relied upon by appellant in support of its contention here; but that decision does not criticise nor overrule, as we construe it, the long line of decisions in this and other States which hold that declarations of present physical suffering are admissible in the nature of verbal acts, and are res gestae of the pain then suffered.

The court charged the jury: "And in order for the plaintiff to recover a judgment for damages against the defendant, it will be necessary that you should be able to find from the evidence what amount of dam-

ages (if any) he is entitled to on account of the injuries (if any) inflicted on him on the occasion complained of in his petition, and in the event from the evidence you are unable so to do, then you will find a verdict for the defendant."

The above is a portion of paragraph fourteen of the court's charge, and is assigned as error.

The only proposition thereunder is "the jury in this case must have found other things than the amount of damages plaintiff was entitled to by reason of injuries sustained on the occasion complained of in order for plaintiff to recover."

It appears that the complaint is that the court omitted other necessary instructions to the jury. If this were true, it became the duty of appellant to ask such additional instructions as were necessary to a proper presentation of the case to the jury. This it did not do. That portion of the charge was pertinent to that particular phase of the case. The charge as a whole properly instructed the jury that they must find the defendant's negligence, and that plaintiff did not by his own negligence contribute to his own injury.

Appellant's tenth assignment of error is as follows: "The court erred in the fifteenth paragraph of its charge to the jury which paragraph is as follows: 'If you should believe from the evidence that the plaintiff suffered the injuries complained of and has sustained the damages resulting therefrom as complained of in his petition, but should find from the evidence that the injuries sustained was on account of the ordinary risks incident to his employment as a brakesman, or should you find that the defect in the brake, if there was any defect in the brake, was plain to the plaintiff at or before the time he attempted to use same, and the danger, if any, of such use was at said time known to him, and you should find that in such use of such brake the plaintiff was guilty of negligence you will find a verdict in either event for the defendant.' "

Appellant's proposition is "for the court to ignore a defensive issue presented by the pleadings and proof of the defendant is error, and may be complained of in a general assignment, alleging error in the charge given."

The assignment itself is not a proposition, and the proposition thereunder submits no pertinent proposition of law for our decision. It presents a mere legal abstraction. Under the rules we are not required to consider it.

The charge quoted, however, seems to present a proper charge on assumed risk and contributory negligence. If in this respect any defensive issue was omitted, additional instructions should have been asked; which was not done.

The sixteenth paragraph of the court's charge, submitted to the jury, the issue pleaded by the defendant, as to whether plaintiff discovered the defects in the brake beam in time to have abandoned his effort to set the brake, and thus have avoided his injury, and whether or not he contributed to his own injury in not abandoning his effort to set the brake. This charge is assigned as error. The proposition submitted under the assignment is the abstract proposition that "It is error for the

court to give an instruction against the interest of a party on an issue in a suit, and such a party need not request a proper instruction."

This proposition points out no error and we are therefore not called upon to pass upon the assignment.

It is quite doubtful whether the court should have charged on this feature of the defendant's pleadings. It can scarcely be said that plaintiff discovered the defective condition of the brake rod, or could have discovered it in time to have avoided the injury. The charge was altogether favorable to appellant.

Appellant urges that the verdict of the jury is contrary to and not supported by the evidence, in that the evidence shows if plaintiff was injured, "such injuries were the proximate result of his own voluntary acts in voluntarily straining himself in an effort to set a brake, after he had discovered the defective condition of said brake and that same could not be set or operated."

Upon this issue the plaintiff testified: "On the morning of the day I was injured we were making up a train there, and the conductor was cutting out cars and I was riding them. By riding them, I mean that when the cars were out and turned loose, I would climb on them and set the brakes to stop them at the proper place and keep them from colliding with other cars. On that morning we had kicked four or five cars down the main line, and I was riding the cars as they were cut out. As I have said, we had cut out four or five and then this car on which I was hurt was cut out. It was a big furniture car loaded with compressed cotton for Galveston. This car was rolling pretty fast, and I caught it and got on top of it as quick as I could, and caught the brake and tried to stop it, but the brake was out of whack and I could not stop it. I did not know the brake was out of fix at the time. There was another car on the line that this one I was on was running, and I saw this other car down the line, and I stayed on top of the car trying to set the brake, but it wouldn't work and the car I was on collided with another car. I was on top of the car at the time and was sitting down on the brake. The brake rod was bent, but I didn't know it at the time. Of course, to perform my duty I had to stay up there and try to stop it. That was my duty to do that—if I had just let the car go, it was likely to run into other cars and tear things up. I stayed up there working at the brake, until it hit another car, and when it hit it was going pretty fast, and hit pretty hard, and turned me a somersault on top of the car and knocked me down.

Cross-examined: The brake on the car is at the end of the car. It has a wheel on top to turn it with and an iron rod that runs down the end of the car and has a chain on the bottom end of it, and this rod here at the bottom of that car was bent, and it hit the corner of the car as it was turned round. You could turn it half way, but couldn't see it. . . . Of course, by wrenching it, it would give some, but you couldn't set the brake with it. The chain wouldn't go on the iron brake rod, because the rod was bent. . . . When I caught hold of the wheel and tried to set the brake on this car, it would just go half way round. . . . I noticed it at once when I tried to set it, but I kept on trying to turn it and set the brake. It was my duty to stop the car if I could. No, it is not a fact that when one of these brakes won't work you can tell it at

once, sometimes the chain will hang, and you have to set down on it several times before you can set it up. Q. This one you turned half way round and then you found that you couldn't turn it any more? A. No sir, not at the time, I kept trying to set it. . . . No, I didn't ascertain at once, I couldn't turn it. I thought maybe the chain was hung and would drop loose, and I tried to shake it loose and set the brake. I kept on at the brake trying to stop the car. It was my duty to stop the car. I knew that the cars would come together, if I didn't stop the car I was on, I knew these other cars were on the main line, and I knew the car I was on would hit them unless I stopped it. I was looking over my shoulder every little bit to see these other cars. At the time, I was trying to set the brake, these cars were about forty or fifty yards apart; maybe further. When I first tried to turn the brake, they were about five or six car lengths apart. A car is from thirty-four to thirty-eight feet in length."

A. P. Hickman testified by deposition: "Yes, I saw the accident, and at the time I was within ten feet from Powell. I was standing on the north side of the railroad track on the same side of the depot when the cars collided. I saw Powell attempt to set the brake. The brake rod was bent and failed to stop the car. It hit the other car with a very hard force, hard enough to jerk Powell aloose from the brake. Powell was holding the brake when the cars hit, and it knocked him almost the length of the car from the brake."

From the foregoing testimony we find that appellee was not negligent in attempting to set the brake, that he did not know of the defects of the brake rod, and was not guilty of contributory negligence which resulted in his injury.

This finding of fact results in overruling appellant's only assignment of error complaining of the verdict of the jury.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.