LA GRONE v. CHICAGO, R. I. & G. RY. CO.*
(No. 8397.)

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1916. Rehearing Denied Oct. 14, 1916.)

1. RAILROADS ⚬⇒384—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff entered defendant's right of way in a city railroad yard and pursued a pathway between two tracks. He became aware of a following train, left the pathway, and traveled on the ends of the ties along the track on which he supposed the train would not come, as weeds and grass grew there. Having walked about 75 feet, he was struck by the end of the pilot beam of the engine, but, had he looked, would have discovered his danger in time to have avoided it. *Held*, that he was negligent as a matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1294; Dec. Dig. ⚬⇒384.]

2. APPEAL AND ERROR ⚬⇒930(3)—PRESUMPTIONS—SUBMISSION ON SPECIAL ISSUES—REQUEST.

It must be presumed on appeal, from the fact that the court submitted the case on special issues, that a request therefor had been made by one or both parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3759; Dec. Dig. ⚬⇒930(3).]

3. TRIAL ⚬⇒349(4)—SUBMISSION ON SPECIAL ISSUES—GENERAL CHARGE.

Where a case is submitted on special issues, it is not proper to give a general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 826, 827; Dec. Dig. ⚬⇒349(4).]

4. TRIAL ⚬⇒349(4)—SUBMISSION ON SPECIAL ISSUES—GENERAL ISSUE.

In an action for injuries, though the question of contributory negligence is issuable in the light of the testimony, it is not proper to submit it as a general issue, when the case is submitted on special issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 826, 827; Dec. Dig. ⚬⇒349(4).]

5. APPEAL AND ERROR ⚬⇒1052(5)—HARMLESS ERROR—EVIDENCE.

In an action against a railroad for injuries on its track, where the jury's answers to special issues on which the question of defendant's liability depended were against plaintiff, any error, in permitting medical witnesses to testify that the spine was the favorite part of the anatomy selected by malingerers in damage claims against railways was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4175; Dec. Dig. ⚬⇒1052(5).]

6. TRIAL ⚬⇒115(2)—ARGUMENT OF COUNSEL—PROPRIETY.

It was not error to permit defendant's counsel to state, in effect, that it was shown by the trial court's failure to submit to the jury the question of plaintiff's contributory negligence that the court had found the evidence to so overwhelmingly establish contributory negligence that he had withdrawn that question from the jury, and that the court had limited plaintiff's right to recover to the issue of discovered peril; counsel being within his proper domain of argument in presenting his conclusion to the jury upon proceedings in the trial known to them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 275, 276; Dec. Dig. ⚬⇒115(2).]

7. APPEAL AND ERROR ⚬⇒231(1)—RESERVATION OF GROUNDS OF REVIEW—OBJECTION TO WHOLE ARGUMENT.

Where an objection goes to the whole argument of counsel, and a portion thereof is not subject to the objection made, the rule applicable to the admission or exclusion of testimony applies, and the assignment will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1352; Dec. Dig. ⚬⇒231(1); Trial, Cent. Dig. § 314.]

8. APPEAL AND ERROR ⚬⇒1060(4)—HARMLESS ERROR—ARGUMENT.

Where the jury's verdict was supported by a strong preponderance of the evidence, improper argument of counsel with reference to practice in federal courts was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ⚬⇒1060(4).]

9. TRIAL ⚬⇒355(2) — SPECIAL ISSUES — ANSWERS.

In an action against a railroad for injuries on its track, the jury properly answered, by the single word "Yes," special issues reading, "Was or was not" plaintiff, immediately before being struck, in a position of peril? "Did or did not" the engineer discover his perilous position in time to have stopped? etc.; it being evident that the jury intended to state an affirmative finding to each question presented.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 847; Dec. Dig. ⚬⇒355(2).]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by W. T. La Grone against the Chicago, Rock Island & Gulf Railway Company. From a judgment for defendant, plaintiff appeals. Judgment affirmed.

McCart, Bowlin, Terrell & McCart, of Ft. Worth, for appellant. Lassiter, Harrison & Rowland, of Ft. Worth, for appellee.

BUCK, J. Appellant, W. T. La Grone, filed suit December 5, 1912, against appellee for damages for personal injuries alleged to have been received by him by being struck by an engine operated on appellee's line of railway in its yards in the eastern part of the city of Ft. Worth on July 3, 1912. From a judgment in favor of the defendant, the plaintiff appeals.

On a former appeal, the Texarkana Court of Appeals reversed a judgment in favor of plaintiff and remanded the cause, holding that the uncontradicted evidence showed as a matter of law that plaintiff was guilty of contributory negligence. This opinion will be found in 167 S. W. at page 7, and as it presents a fair statement, both of the plead-

---

, ⚬⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

ings and the evidence, adduced in this trial, we will adopt such statement, without repeating in this opinion.

The cause was submitted to the jury upon special issues, which only presented the question of discovered peril; the court holding that the evidence showed as a matter of law that the plaintiff was guilty of contributory negligence, and therefore was not entitled to recover, unless upon the theory of discovered peril. The issues presented and the answers thereto were as follows:

Question A: "If you have found from the evidence that plaintiff was struck and injured by the train mentioned in the evidence, was or was not the plaintiff, immediately before being struck by said engine, in a position of peril from said engine? Ans. Yes."

Question B: "Did or did not the engineer operating said engine and train discover the perilous position, if any, of the plaintiff in time for him to have stopped said train or to have slackened its speed, or to have given plaintiff warning of the approach of said train in time to have avoided injury to plaintiff from said train? Ans. Yes."

Question C: "Did or did it not reasonably appear to said engineer that he could pass plaintiff with said train in safety to plaintiff, or that plaintiff would probably leave said track in time to avoid being injured by said train? Ans. Yes."

Question D: "Did or did not said engineer sound the whistle of said train or ring the bell of said engine in time for plaintiff to have gotten out of the way of said approaching train, if he was in the way of same? Ans. Yes."

Question E: "Did or did it not reasonably appear to said engineer that plaintiff heard and would heed such warnings, if any, before being struck by such engine, if you find that he was struck by same? Ans. Yes."

Question F: "Was or was not plaintiff, while in view of said engineer, as said train was approaching him and before the engineer lost sight of plaintiff, walking in such position with reference to said track the engine and train could have passed him in safety? Ans. Yes."

Question G: "Did or did not such engine strike and injure plaintiff? Ans. Yes."

Question H: "If you have answered the next preceding question in the affirmative—that is question G—how much, if any, was plaintiff damaged by such injury, if any, estimating such damages according to the law, as given you in paragraph 4 of the above charge? Ans. $500.00."

The court further gave the jury an accepted definition of "negligence" and "ordinary care," and further charged the jury:

"(2) If an engineer operating a train discovers a person in front of such train, and on or near the track upon which the train is being operated, in a position of peril with reference to such train, and such engineer discovers such perilous position of such person, and it does not reasonably appear to such engineer that he can safely pass such person with his train, or that such person was aware or would become aware of the approach of such train, and would probably leave such position of peril before being injured by such train, it then becomes the duty of such engineer to use the means in his power consistent with the safety of the train and the persons thereof to stop the train, if necessary, or to slacken the speed of such train, or to give such warning as might be in his power to avoid injuring such person with said train, if he had time in which to stop said train, or to slacken the speed of same, or to give such warning before such person was injured. And it would make no difference that such person

was himself a trespasser, or was himself guilty of negligence in placing himself in such perilous position with reference to such railway track and approaching train.

"(3) If such engineer did not discover the perilous position of the person on or near the track in time to stop said train before injuring such person by the use of the means in his power, or to slacken the speed of such train before such person was struck by such train, or to give such person warning of the approach of said train in time to avoid injuring such person, or in time for such person to escape from such danger, or if it reasonably appeared to such engineer that such person would probably leave such place of danger before being injured by said train, or if it reasonably appeared to said engineer that he could pass such person with his train in safety to such person, or if such engineer gave warning by sounding the whistle of such engine or ringing the bell thereof in time for such person to leave such place of danger, and it reasonably appeared to such engineer that such person heard such warning in time to leave such track or such place of danger, before being struck by such approaching train, or that such person was in such position with reference to said track and approaching train when seen by the engineer that such train, if such person had not changed his position with relation to such track, would or could have passed him with safety, then in either of the events herein mentioned it would not be negligence upon the part of the engineer to undertake to pass such person with his engine and train."

[1-4] Appellant's first assignment urges error in the failure of the trial court to give plaintiff's special charge, which submitted to the jury—

"the issues as to whether or not defendant was guilty of negligence as alleged in plaintiff's petition in failing to give signals while the train was moving within the corporate limits of the city of Ft. Worth, and in running more than six miles per hour on the occasion of plaintiff's injuries, in violation of ordinances in evidence, and as to whether or not the plaintiff was guilty of contributory negligence in the premises."

The court found in its qualification of appellant's fourth bill of exceptions that the evidence showed that plaintiff was guilty of contributory negligence as a matter of law, and stated that he—

"would so hold, even if he were not bound by the decision to that effect by the Court of Civil Appeals on the former trial of this case."

The evidence is practically the same as apparently was adduced on the former trial and shown in the statement made by the Texarkana court. Without repeating said testimony, perhaps it is sufficient for us to state that we agree with the conclusion reached by the trial court, as well as that reached by the Court of Civil Appeals for the Texarkana District, that the evidence discloses contributory negligence on the part of the plaintiff as a matter of law. Therefore we hold that the trial court properly refused to submit the issue of plaintiff's contributory negligence. Moreover, plaintiff's proffered charge contained definitions already given in the main charge, and was in form a general charge, while it must be presumed, from the fact that the court submitted the case on special issues, that a request therefor had been made by one or both parties. Where a

case is submitted on special issues, it is not proper to give a general charge. Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Moore v. Pierson, 93 S. W. 1007; Express Co. v. Rudman, 145 S. W. 268. Nor would it be proper, even though the question of contributory negligence was issuable in the light of the testimony, to submit the same as a general issue, when the case was submitted on special issues. Therefore we overrule appellant's first assignment.

[5] The second assignment is as follows:

"The court erred in permitting the witnesses W. A. Duringer and H. B. Trigg to testify over plaintiff's objection to the effect that malingerers in damage claims against railway companies selected the spine as a favorite part of the person to claim was injured, and that they knew of such things as 'railroad spines,' as shown by plaintiff's bill of exception Nos. 1 and 2 herein."

The bill of exceptions shows that Dr. H. B. Trigg, while testifying, was asked the following questions and made answers thereto as shown:

"Q. And with malingerers, what is the favorite part of the anatomy selected for the purpose —ordinarily?

"Mr. Bowlin: I object, don't think it is proper, immaterial, irrelevant, and prejudicial to plaintiff.

"The Court: Go ahead and ask the question. (Plaintiff excepts.)

"A. Well, my observation and experience is, the most of them, the back—some part of the back."

And Dr. Duringer, while testifying for appellee, was asked:

"Q. Doctor, what is—is there any particular part of the anatomy that is a favorite part with people who are shamming injuries, malingerers, as you doctors call them? A. The back or spine—with my experience it is usually the spinal vertebræ—that covers it—I don't know what it means, usually they complain of spinal injuries. That is a bugaboo. I know in all my evidence before the courts they complain, of spinal troubles. Does that cover it sufficiently? Q. Do doctors in medical books use any such expressions as 'railway spines'? A. Yes."

We think any error here presented becomes harmless, in view of the finding of the jury against plaintiff in answer to questions C, D, E, and F. Upon the answers to these issues the question of the liability vel non of defendant depended, and the answers of the jury being against plaintiff's claim of liability on the part of the defendant, it became immaterial as to whether or not plaintiff was shamming or malingering as to the existence or extent of his injuries. While the jury found, in effect, that he was injured, and that it would take $500 to reasonably compensate him for such injuries, yet the jury's findings of fact, which exculpated defendant from liability, made the question of injuries, or the extent of injuries, immaterial.

[6-8] In the third specification prejudicial error is urged to the remarks of counsel for the defendant in addressing the jury as follows:

"You will remember when the pleadings were read that plaintiff's petition alleged that plaintiff was injured through the negligence of de-

fendant, and that he alleged that he was not negligent, but was using due care. You will also remember that I pleaded and read to you in my answer that he was grossly negligent, and that it was his own fault that he was hurt, and that the railway company and its engineer was not guilty of negligence. Now, Judge Swayne has not submitted to you the question as to whether or not the plaintiff was guilty of negligence that caused him to get hurt, for the reason that Judge Swayne knows that he was guilty of negligence, and that it was his own fault that he got hurt, and the evidence that he was guilty of negligence was so overwhelming that Judge Swayne has taken that question away from you in his charge. Now, as to the other question, as to what we call discovered peril, that is, as to whether or not the engineer saw him in time to have avoided him and actually realized the danger he was in, the law of Texas is that, if there is the slightest evidence on an issue, that is, what we call a scintilla of evidence, the court has got to submit the question to the jury, even though he would grant a new trial if the verdict was rendered for the plaintiff. Now the law is different in the United States court. If this case was being tried in the federal court here, Judge Meek would charge you to render a verdict for the defendant without letting you leave the jury box."

We do not believe that it constituted reversible error to permit the counsel for the defendant to state, in effect, that it was shown, by the failure of the trial, court to submit to them the question of plaintiff's contributory negligence, that said court had found the evidence to so overwhelmingly establish contributory negligence that he had, withdrawn that question from the jury, and that the court had limited plaintiff's right of recovery to the issue of discovered peril. Such was the fact, and we are of the opinion that the counsel was within his proper domain of argument in presenting his conclusion to the jury upon the proceedings in the trial which were known to the jury. G., H. & S. A. Ry. Co. v. Smith, 93 S. W. 184; Id., 100 Tex. 267, 98 S. W. 240; M., K. & T. Ry. Co. v. Nordell, 20 Tex. Civ. App. 362, 50 S. W. 601, writ of error refused 93 Tex. 735. Even if that portion of the argument of defendant's counsel which purported to tell the jury what the current practice was, or would be, in the United States court, and what course the federal District Judge would follow under similar circumstances, should be held improper, yet since the objection goes to the whole argument, and a portion of the same is not subject to the objections made, we think the rule applicable to the admission or exclusion of testimony should apply, and that the assignment must be overruled. Smyth v. Caswell, 67 Tex. 567, 4 S. W. 848; Schulze v. Jalonick, 18 Tex. Civ. App. 296, 44 S. W. 580; Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Railway Co. v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21, affirmed in 101 Tex. 662 (no. opinion). To give force to the reasonableness of applying the same rule in the case of argument of counsel as is applicable in the admission of evidence, and as showing that the trial court understood the objections urged were directed principally,

if not entirely, to the reference as to what the court's views were on the issue of contributory negligence, it will be noted that by the qualification of the court to defendant's bill of exception, in which complaint is made of this argument, the court states that the argument objected to, as to the evidence fully establishing contributory negligence, was provoked by plaintiff's counsel in his opening argument, after the court had explained to the attorneys for both parties that he had concluded that there was no issue of contributory negligence, and had decided that the plaintiff was guilty of contributory negligence as a matter of law; counsel for plaintiff contending in his opening argument that plaintiff was not guilty of contributory negligence, and, therefore, would not be limited to recovery merely on the question of discovered peril. Railway Co. v. Garcia, 62 Tex. 285; Ry. Co. v. Daugherty, 31 S. W. 705; I. & G. N. Ry. v. Goswich, 83 S. W. 423, affirmed in 98 Tex. 477, 85 S. W. 785. Furthermore, we are of the opinion that the verdict of the jury is supported by a strong preponderance of the evidence, and therefore it does not appear that the argument made by counsel with reference to the practice or procedure in the federal court had any prejudicial influence on the jury, and therefore does not constitute reversible error. Willis & Bro. v. Lowry, 66 Tex. 540, 2 S. W. 449; Railway v. Duelin, 86 Tex. 450, 25 S. W. 406; McLane v. Paschal, 74 Tex. 20, 11 S. W. 837, and other cases cited in 1 Encyc. Dig. of Texas Reps. p. 886.

[9] Appellant's fourth assignment is as follows:

"The verdict of the jury in answer to questions propounded to them was not responsive and not intelligible as to questions A, B, C, D, E, and F, as such questions could not be answered by the single word 'Yes.'"

We do not think there is any merit in this assignment, and we think it is evident that, in answering these issues, as they did, the jury intended to state an affirmitive finding to each of the questions presented. Therefore the fourth assignment is overruled, and likewise the fifth, which raises practically the same question.

All assignments are overruled, and the judgment is affirmed.