## MODERN ORDER OF PRAETORIANS v. NEIMANN. (No. 6461.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1920. Rehearing Denied Jan. 5, 1921.)

1. Appeal and error ⚯⟾917(2)—Presumed that court did not act upon exceptions to petition.

Where a statement fails to show that the court ever acted on special exceptions to the petition, and the record is itself silent on the subject, the presumption must prevail on appeal that the court did not act on the exceptions, and consequently there was nothing done by the trial court upon which a decision of the appellate court could be evoked.

2. Appeal and error ⚯⟾742(1)—Assignments must be followed by adequate statement.

Assignments of error must be followed by adequate statements.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Suit by Josephine Neimann against the Modern Order of Praetorians. Judgment for plaintiff, and defendant appeals. Affirmed.

E. P. Scott, of Corpus Christi, for appellant.

Chas. H. Reese, of Kingsville, and T. Wesley Hook, of San Antonio, for appellee.

FLY, C. J. This is a suit on a benefit certificate for $1,000 issued to William Neimann, the deceased husband of appellee, also for $250 attorneys' fees, for $1,000 exemplary damages, and 12 per cent. statutory damages. Appellant answered by general demurrer and general denial, and that it was a fraternal benefit society, and not an insurance company. The court instructed a verdict for Josephine Neimann for $1,000, with 6 per cent. interest from June 12, 1918, and 12 per cent. penalty on that sum, and for such reasonable attorneys' fees as the jury might find. The jury found as directed, fixing the attorneys' fees at $200, and judgment was so rendered.

[1] The second and third assignments of error complain of the overruling of certain special exceptions to the petition. The statement fails to show that the court ever acted on the exceptions, and the record itself is silent on the subject. The presumption must prevail that the court did not act on the exceptions, and consequently there is nothing done by the trial court upon which a decision of this court can be evoked.

[2] The fifth, sixth, seventh, and eighth assignments of error are grouped and present several different subjects for consideration, not necessarily dependent upon or germane to each other. The only proposition is very general and abstract. The assignments are not followed by any adequate statement as required by the rules. It is not indicated that the charge of the court was attacked in any way, or that objections to it were embodied in a motion for new trial, or, if such was done, that the motion for new trial was overruled and exception taken thereto. No reference is made to a motion for new trial or action of the court thereon. Broussard v. South Tex. Rice Co., 120 S. W. 587; Railway v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21; Cooper v. Hiner, 91 Tex. 658, 45 S. W. 554.

The brief fails to present any errors for consideration, and the judgment will be affirmed.