## TEXAS PIPELINE CO. v. ENNIS et ux.
### No. 2155.

Court of Civil Appeals of Texas. Beaumont. Dec. 16, 1931.

Rehearing Denied Dec. 31, 1931.

W. K. Hall, of Houston, and Hodges & Greve, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellees.

O'QUINN, J.

June 20, 1928, appellant filed with the county judge of Nacogdoches county, Tex., petition against appellees, praying for the condemnation of a right-of-way for pipeline purposes across certain lands belonging to appellees. Commissioners were appointed and qualified and made an award in favor of appellees for $105.02 for the right of way. Appellant made the deposit required by law, filed the statutory bond, and proceeded with the construction of its pipeline. Appellees duly excepted to the award. The matter was tried in, the county court and judgment entered for appellant condemning the right of way and awarding appellees compensation in the sum of $417, with interest and costs. This appeal is from that award.

Appellant's first proposition complains that the court erred in permitting the witnesses Hart, Spradley, Mast, and Gray to testify to the effect that pipelines situated on their lands depreciated the fair market cash value of their land certain amounts. The objection to this testimony was that it was incompetent and inadmissible because such testimony related to different lands, not shown to be similar to the land in question, or similarly situated. The court qualified appellant's bill of exception by saying that the evidence objected to was admitted in rebuttal to testimony introduced by appellant to the effect that pipelines on other lands in the same vicinity did not depreciate the value of the land. The record supports the court's qualification. The assignment is overruled.

The second proposition asserts that the court erred in permitting the witnesses Hart, Spradley, and Gray to state their estimation of the depreciation of the market cash value of their own lands occasioned by the laying of pipelines thereon, the objection to such testimony being that said estimates were "based in part upon improper elements of damage, and each of said witnesses refusing to separate such improper elements of dam-

age from the proper elements, or to state what proportion of the depreciation in value was properly attributable to such illegal elements and what proportion to legal elements," wherefore, the whole of the testimony should have been excluded.

This assignment, we think, is too indefinite. It does not inform us of what improper elements of damage the witnesses were allowed to testify to, or upon which to base their estimates of damage. If the evidence objected to was in part admissible, and in part inadmissible, and the objection was general, going to the whole, we think the court's overruling the objection was correct, for appellant had the right and the opportunity to undertake the elimination of the inadmissible portions, but this could not be done by a general objection, or motion to exclude the whole of the testimony of the witnesses, as the proposition indicates was attempted. Galveston, H. & S. A. Railway v. Gormley, 91 Tex. 393, 401, 43 S. W. 877, 66 Am. St. Rep. 894; Texas Cent. Railway Co. v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21 (writ refused).

The third proposition complains: "The testimony of appellees' witnesses L. B. Mast and Sam Hayter as to what appellant and the Gulf Pipeline Company had paid them for pipeline rights of way across lands owned by said witnesses, respectively, constituted an attempt on the part of appellees to prove market value by specific sales and should have been excluded by the trial court upon due and seasonable objection of appellant."

This evidence, according to the court's qualification of appellant's bill of exception, was admitted in rebuttal to evidence offered by appellant to show that the customary price paid for right of way in that vicinity was 25 cents per rod. The record reflects that such evidence was introduced by appellant. The testimony objected to was admissible in rebuttal.

None of appellant's propositions showing error, the judgment is affirmed.