MATTIE DAVIDSON *vs.* OLD PEOPLE'S MUTUAL BENEFIT SOCIETY.

October 16, 1888.

**Life Insurance — Mutual Benefit Company — Policy Conflicting with By-Laws.**—Where a policy of insurance is issued by a mutual benefit so-ciety, the terms of which are in conflict with a by-law of the society, (it having power under its charter to issue such a policy,) the society must be deemed to have waived the provisions of the by-law in favor of the as-sured, and wherein they are inconsistent with the provisions of the policy the latter will control the rights of the parties.

**Same—Forfeiture—Reinstatement on Invalid Condition.**—By the terms of the policy a member who had forfeited his certificate had a right to be restored upon certain conditions.   *Held*, that a reinstatement, upon com-pliance with these conditions, constituted no consideration for a stipulation exacted by the society from the beneficiary that it should be liable to pay him only a part of the amount to which he would be entitled under the terms of the policy.

Plaintiff brought this action in the district court for Dakota county, upon a certificate of insurance on the life of one Nancy H. Boyer, payable to her daughter, the plaintiff.   A demurrer to the complaint was overruled, and plaintiff entered judgment.   The defendant ap-plied for leave to answer; the motion was denied by *Crosby*, J., on the ground that the proposed answer (pleading the by-law and other matters stated in the opinion) did not constitute a defence, and the defendant appealed.

*O. M. Hall* and *F. M. Wilson*, for appellant.

*Stringer & Seymour*, for respondent.

MITCHELL, J.   The general rule undoubtedly is that where a policy is issued by a mutual insurance or benefit society, the assured, by virtue of his insurance, becomes a member of the society, and must take notice of and is bound by its articles of association and by-laws, although not recited in the policy, or expressly made a part of it. All the provisions of the by-laws not inconsistent with the provisions of the policy itself will be binding as a part of the contract.   But in this case the by-law and the policy are in direct conflict with each other.   The policy provides that any member who has forfeited his certificate may be again *restored*, at any time within six months, by furnishing proofs of good health, and paying the full amount of arrears.   The by-law (which is nowhere referred to in the policy) provides that, if the death of the person insured shall occur within 60 days from and after the date of reinstatement, the society shall be liable to the beneficiary for only the amount actually paid to the society, on account of the certificate, in cash.   According to the terms of the policy the beneficiary would be entitled to $1,500, but under the by-law to only $168.78; the assured having died within 60 days after the date of the reinstatement.

It nowhere appears that the charter or articles of association of the society prohibit it from executing a policy on the terms of this one. In fact, it must be assumed that it had the power to do so, for the answer expressly admits the execution of the policy by the society; the only question being whether this by-law entered into and became a part of the contract.   Having this power, and having exercised it by issuing such a policy, the society must be deemed to have waived the provisions of the by-law in favor of the assured; and, wherein they are in conflict with the policy, the latter must control the rights and liabilities of the parties.   It is suggested that, at the time of the reinstatement, the beneficiary stipulated that, if the death of the assured occurred within 60 days of that date, she would be entitled to only the money actually paid to the society.   But this was a mere *nudum pactum*.   To effect a reinstatement, no consent on part of the society was necessary.   Only two things were required, viz., furnishing a certificate of the good health of the assured, and the payment of arrears.   These were done, and thereupon the association was

bound under its contract to reinstate, and had no right to impose any other condition. Neither the promise to do a thing, nor the actual doing of it, will be a good consideration, if it is a thing which the party is bound to do by a subsisting contract with the other party, at least unless done as a compromise of a *bona fide* dispute with reference to the obligations or rights of the parties under the contract, of which there is no claim in this case.

Order affirmed.