JOSEPH B. HESINGER *vs.* HOME BENEFIT ASSOCIATION.

October 26, 1889.

**Mutual-Benefit Insurance.**—A certificate of insurance in a mutual-benefit association construed to make the holder's claim payable only from a particular fund, and to limit his recovery to the amount in the fund, or which might be brought into it by proper assessments according to the plan of the association.

Plaintiff met with an accident as a result of which one of his feet had to be and was amputated, and he brought this action in the district court for Ramsey county to recover $520 on a certificate of accident insurance issued to him by defendant, which contained the following provisions: "In consideration of the payments being made to this association as provided herein, * * * if at any time during the continuance of this certificate in force Joseph B. Hesinger, of St. Paul, state of Minnesota, shall sustain bodily injuries, effected through external, violent, and accidental means, * * * and such bodily injuries sustained by the assured as aforesaid shall immediately sever one hand or foot above the wrist or ankle, or render necessary the amputation thereof within ninety days thereafter, * * * the association will pay to the assured, if he survive the same, the sum of five hundred and twenty dollars. * * * All payments for claims for indemnity under this certificate shall be payable from the accident fund only of the association, or from any moneys that shall be realized to the said fund from the assessment to be made as hereinafter provided. The amount received by the association upon this and like certificates, less legitimate expenses of the accident department, shall constitute the accident fund of the association." The defendant was incorporated in New York "for the business of life and casualty insurance upon the co-operative or assessment plan," with no capital stock; and its articles provided that "holders of certificates in said association shall be liable only for the voluntary payment of such fees and assessments as shall be stated in such certificates; and all sums received from assessments or other payments for benefit funds shall be used only to provide for such

benefits as shall be stated in the certificates, together with the necessary expenses in protecting such funds from illegal claims upon the same." The defendant in its answer pleaded the statute of New York and its articles of incorporation, and alleged that on receipt of proofs of the injury to plaintiff, and on June 16, 1888, it made an assessment in accordance with its articles upon all the certificates of its accident department then in force, from which it received $256.32; that the necessary cost of collecting the assesssment was $161.26, and that the accident fund, after the assessment had been collected, amounted to but $95.31; and that the defendant was liable in the sum of $95.31 and no more.

A jury was waived and the action tried by *Kerr*, J., who ordered judgment for plaintiff for the full amount named in the certificate, and afterwards ordered a new trial unless the plaintiff should consent to reduce the amount of his recovery to $275. From this order the plaintiff appealed.

*Walt. Teis Smith*, for appellant.

*Gilfillan, Belden & Willard*, for respondent.

GILFILLAN, C. J. The defendant, being an association for the transaction of the business of life and casualty insurance upon the co-operative or assessment plan, was in effect a mutual-benefit society, the members of which, as said by this court in *Davidson* v. *Old People's Mut. Benefit Society*, 39 Minn. 303, (39 N. W. Rep. 803,) must take notice of and are bound by its articles of association and by-laws. When read in connection with the articles of association, the certificate issued to plaintiff, which stands to him as his policy of insurance, clearly made his claim payable only out of the *accident* fund of the association, and gave him no right of recourse to any other fund or to the assets generally of the association. And as held in *Kerr* v. *Minn. Mut. Benefit Association*, 39 Minn. 174, (39 N. W. Rep. 312,) a case very like this so far as concerned the fund from which the insurance was payable, his right of recovery was limited to the amount in that fund and which could be brought into it by proper assessments, according to the plan of the association. The court below was correct in so deciding.

Order affirmed.