### L. A. DUER v. SUPREME COUNCIL ORDER OF CHOSEN FRIENDS.

#### Decided June 7, 1899.

**Mutual Benefit Insurance—Changes Held Binding.**

In his application for membership in a mutual benefit life insurance society, the insured agreed to conform to its existing laws, rules, and usages, and to such as might thereafter be adopted, and the by-laws were thereafter amended so as to decrease the amount of the benefit certificate and also of the dues, with a proviso that members admitted prior to a certain date, to which class insured belonged, might by written declaration of such election remain under the old plan; and the insured failed to make such declaration. Held, that he was bound by the change, and that his beneficiary had no vested right in the certificate that could not be affected by such change in the by-laws.

APPEAL from Waller. Tried below before Hon. T. S. REESE.

*A. J. & J. D. Harvey,* for appellant.

*Jas. B. & Chas. J. Stubbs,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellant to recover of appellee the sum of $1403.80, alleged to be a balance due on a

relief fund certificate issued to the husband of appellant for $3000. The cause was tried by the court and judgment rendered in favor of appellee.

In 1890 Philip C. Duer became a member of the Order of Chosen Friends, a mutual benefit society, and applied for a certificate under the relief fund laws of the order in the sum of $3000, making his wife, Louise Anna Duer, the beneficiary. In his application he stated: "I agree to make punctual payment, without notice or demand, of all dues and assessments for which I may become liable, and to conform in all respects to the laws, rules, and usages of the order now in force, or which may hereafter be adopted by the same." The certificate was obtained. P. C. Duer died on November 29, 1895. Under the system in force at the time Duer obtained the certificate and up to October 1, 1895, appellant would have received the full sum of $3000, but on September 14, 1895, the supreme council adopted amendments to its laws and regulations, by which, after October 1, 1895, only one-half of the amount named in the certificate, together with the amount of assessments paid in, would be paid in case of the death of members, whether they had joined before or after the enactment of the law, there being a proviso that a member admitted prior to October 1, 1895, by a declaration in writing that he or she elected to remain under the old plan, would not be affected by the new law. P. C. Duer did not make such declaration. At the time of his death he had paid as assessments $187.20, which, added to one-half the amount specified in the certificate, amounted to $1687.20. This sum was paid to appellant. Philip C. Duer had actual notice of the enactment of the new law by the order. The assessments were less under the new than the old plan. The amendment to the laws was regularly adopted by the body authorized to do so.

The husband of appellant was charged with notice of the by-laws of the order to which he belonged and had agreed to be bound by them, and appellant had no vested right in the certificate that could not be affected by the change of by-laws. Bacon Ben. Soc., sec. 91a; Byrne v. Casey, 70 Texas, 247; West v. Grand Lodge, 14 Texas Civ. App., 471.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.