BRETZLAFF v. EVANGELICAL LUTHERAN ST. JOHN'S SICK-
BENEFIT SOCIETY.

125    39
127    151
125    39
s83NW1000

1. MUTUAL BENEFIT ASSOCIATIONS—MEMBERSHIP— RESTRICTIONS—
CONSTITUTION—VIOLATION.
B. and others organized a sick-benefit society, and adopted a
constitution which provided that members should not belong
to any other sick-benefit society. B. signed an application
reciting that he had read the constitution, and was willing to
submit to it. At the time B. joined the society he was a
member of a mutual benefit association, and so continued till
his death, but the officers of the society had no knowledge of
such fact until after his death, when they offered to refund
the dues paid by him. *Held*, that the constitution restricted
the membership to those who did not belong to any other sick-
benefit society, and, since B. must be deemed to have known
of this provision, he was bound by it, and his contract of
membership was void.

2. SAME—CONDITIONS—REASONABLENESS—PUBLIC POLICY.
Where a sick-benefit society was organized among members of
a particular church, and the members were required to visit
and care for sick members, a provision of the society's consti-
tution that its members should not belong to any other sick-
benefit society was not unreasonable nor against public policy,
since, in the absence of such restriction, a member might join
so many similar organizations as to be unable to perform the
duties he owed to the society.

Error to Wayne; Carpenter, J. Submitted October 2,
1900. Decided October 31, 1900.

*Assumpsit* by Adelena Bretzlaff against the Evan-
gelical Lutheran St. John's Sick-Benefit Society to re-
cover a death benefit. Defendant prevailed in justice's
court, and plaintiff removed the cause to the circuit court
by *certiorari*. From a judgment for plaintiff, defendant
brings error. Reversed.

*Graves & Hatch*, for appellant.

*William E. Henze*, for appellee.

MOORE, J. The question involved in this proceeding is whether or not the defendant is liable to the plaintiff upon the following statement of facts: The plaintiff is the widow of Carl Bretzlaff, who in September, 1898, with others, organized the defendant society, and participated in framing its constitution. Article 3 reads as follows:

" Only such persons can be members of the society that adhere and belong to the Evangelical Lutheran Church, their congregation belonging to the Synodical Conference. They must lead a moral and virtuous life, and must not belong to any secret society or any other sick-benefit society. Members that leave the above-named church thereby lose their membership in the society."

Mr. Bretzlaff and his wife both signed the application blank, which contained the following provision:

"I have read the constitution and by-laws of the society, and am willing to submit myself to the same. Should it appear later on that the statements made by me are false, the society has the right to expel me, and I relinquish all rights of benefits and payments made to the society and bund."

At the time Mr. Bretzlaff joined the defendant society he was a member of the Arbeiter Bund, a mutual benefit association, and continued to be a member thereof until he died. The officers of the defendant society had no knowledge that Mr. Bretzlaff was a member of any other mutual benefit association until after his death. After this knowledge came to them, they offered to return the dues which had been paid by Mr. Bretzlaff to the administrator of his estate.

It is urged on the part of the plaintiff that her husband, as a matter of fact, was a member of the defendant society; that article 3 does not provide for a forfeiture when one of its members becomes a member of another sick-benefit society. It is also said the provision in question is not

valid, because it is unreasonable and against public policy. We do not think either of these contentions can be maintained. The members of the defendant society had a right to provide in its constitution who might become members of it. It did so provide. One of the requirements was to restrict its membership to those who did not belong to any other sick-benefit society. Mr. Bretzlaff must be deemed to have known of this provision, and he was bound by it. 3 Am. & Eng. Enc. Law (2d Ed.), 1081–1083; 1 Bac. Ben. Soc. § 217; *Douville* v. *Insurance Co.*, 113 Mich. 158 (71 N. W. 517).

It cannot be said the limitation was unreasonable or against public policy. The society is organized among the members of a particular church. Its members may be called upon to visit and care for the sick, and to use part of the income of the society in their care. If Mr. Bretzlaff might join one other sick-benefit association, he might join so many of them that he might not be able to perform the duties he owed to this association. We do not think it unreasonable or against public policy to make such a provision as this in the constitution of such an association. See 3 Am. & Eng. Enc. Law (2d Ed.), 1079.

The judgment of the court below is reversed, and the case is remanded, with directions to the circuit court to set aside its judgment, and enter a judgment in favor of defendant for the costs against the parties to the *certiorari* bond.

The other Justices concurred.