INTERNATIONAL TRAVELERS' ASS'N v. BRANUM. (No. 5351.)†

(Court of Civil Appeals of Texas. Austin. April 22, 1914. Rehearing Denied June 17, 1914.)

1. INSURANCE (§ 618*) — ACCIDENT CERTIFICATE—ACTION—VENUE.

Rev. St. art. 1830, subd. 30, provides that whenever, in any law authorizing or regulating any particular kind of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly· given. Article 4744 declares that suits on policies may be instituted and prosecuted against any life or accident insurance company in the county where the company's home office is located, or in the county where loss has occurred or where the plaintiff policy holder or beneficiary resides. *Held* that, since parties cannot contract so as to deprive a court of jurisdiction when jurisdiction is fixed by statute, a provision in an accident certificate and in the by-laws of the company that all suits on the certificate should be instituted in Dallas county, Tex., did not prevent the beneficiary from instituting and maintaining the suit in the county where the insured died.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1536–1539; Dec. Dig. § 618.*]

2. INSURANCE (§ 449*)—ACCIDENT CERTIFICATE—ACCIDENTAL DEATH—APOPLEXY.

Decedent, while in a hotel, witnessed from his window a fire in a building on the opposite side of the street, in which a helpless man was accidentally burned to death. Decedent was greatly shocked and excited, so that he became insensible and fell, either by fainting from the excitement or from the rupture of a blood vessel in his brain, causing apoplexy, from which he died three days later. He was but 40 years of age, of temperate habits, and in good health, but was very excitable and sympathetic. No other cause for the apoplexy was suggested, and the physicians testified that it was a very unusual occurrence for a man in good health and of decedent's years to have apoplexy, unless it was occasioned by some external, violent means, and that it could be produced by great excitement. *Held*, that decedent's death was properly found to have been caused by external, violent, and accidental means, within the terms of his accident certificate, and not from disease.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1162; Dec. Dig. § 449.*]

3. INSURANCE (§ 152*) — ACCIDENT CERTIFICATE—AMOUNT RECOVERABLE.

Where an accident certificate on its face provided for the payment of $5,000 in case of decedent's accidental death, without qualification, and neither the certificate nor the application made any reference to a by-law providing that, for death from cerebral hemorrhage, cerebral paralysis, apoplexy, or heart failure caused by accident, the amount payable should be limited to $500, such by-law was unavailable to limit the amount recoverable under the certificate for apoplexy resulting from accident.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 312; Dec. Dig. § 152.*]

4. INSURANCE (§ 152*)—ACCIDENT CERTIFICATE—LOSS—AMOUNT PAYABLE—STATUTES.

Rev. St. art. 4807, provides that every policy or certificate, issued by an accident insurance corporation, shall specify the sum which it promises to pay on the contingency insured against, and the number of days after receipt of satisfactory proof of the happening of such contingency at which such payment shall be made, and upon the happening thereof the corporation shall be liable for the payment of the amount "in full" at the time so specified, subject to such legal defenses as it may have against the same. *Held*, that the amount required to be paid in full under such section is the amount specified in the certificate, which the company promises to pay on the contingency insured against; and hence such liability cannot be avoided by any by-law fixing any other or different amount on any contingency whatever.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 312; Dec. Dig. § 152.*]

5. INSURANCE (§ 615*) — ACCIDENT CERTIFICATE — AMOUNT PAYABLE — "LEGAL DEFENSE."

Under Rev. St. art. 4807, providing that accident insurance companies shall be liable for the payment of the amount specified in their policies in full at the time so specified, subject to any legal defenses which they may have against the same, the term "legal defenses" means those which defeat a recovery, as that the insured did not die as the result of accident. and not that, by reason of a by-law not referred to in the certificate, defendant is at most only liable for an amount less than that specified in the certificate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1530, 1532–1534; Dec. Dig. § 615.*]

6. APPEAL AND ERROR (§ 1073*)—HARMLESS ERROR—ACCIDENT CERTIFICATE—PAYMENT — INSTALLMENTS—BY-LAWS.

A by-law of an accident insurance association provided that the association should have the option of paying death losses in five equal annual installments, the first payment to be due 90 days after proofs of loss were filed. *Held*, that the association was bound to exercise its option to pay in installments, if at all, within 90 days after proofs of loss were filed; and hence, more than 90 days having expired pending appeal from a judgment in favor of a beneficiary on a certificate, it was not material that the trial court added a condition, to defendant's right to pay the judgment in installments, that defendant should accept the decree as final and not appeal therefrom, and, in the event of an appeal, the judgment should stand without condition or qualification as to the manner or time of payment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

7. INSURANCE (§ 659*) — ACCIDENT CERTIFICATE—APOPLEXY—EVIDENCE.

Where, in an action on an accident certificate, it was claimed that decedent came to his death from apoplexy superinduced by excitement on seeing a person burned to death, evidence of a nurse, who cared for him, that at intervals he suffered great pain in his head, and that he talked about the fire, would get very much excited, would gesticulate with his arms, and on one occasion tried to get out of bed, was relevant to show injury to the head, and that decedent was of an excitable nature.

[Ed. Note.—For other cases, see Insurance. Cent. Dig. §§ 1691–1693; Dec. Dig. § 659.*]

8. APPEAL AND ERROR (§ 1052*)—RIGHT TO ALLEGE ERROR—RULINGS ON EVIDENCE.

Defendant may not assign error on the admission of testimony, the substance of which

———

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error pending in Supreme Court.

was otherwise given by another witness without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

9. INSURANCE (§ 602*) — LOSS — FAILURE TO PAY—DAMAGES—ATTORNEY'S FEE.

A casualty insurance company carrying on business on the assessment or annual premium plan under Rev. St. tit. 71, is nevertheless subject to article 4746, subjecting insurance companies to a liability of 12 per cent. damages for failure to pay a loss within 30 days after demand, together with a reasonable attorney's fee, since article 4957, exempting such companies from the "provisions of this chapter," refers to chapter 15, whereas article 4746 is a part of chapter 2.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.*]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by Anna C. Branum against the International Travelers' Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Eidson & Eidson, of Hamilton, and Seay & Seay, of Dallas, for appellant. Langford & Chesley, of Hamilton, for appellee.

## Findings of Fact.

JENKINS, J. The appellant is an accident insurance company, chartered under the provisions of chapter 5, tit. 71, of the Revised Statutes. It issued a certificate to Calvin C. Branum, payable in the sum of $5,000 to his wife, Anna C. Branum, upon receipt of satisfactory proof of the accidental death of the insured. On May 27, 1913, the insured was in a hotel in Hot Springs, Ark., and witnessed from his window a fire in a building on the opposite side of the street, in which a helpless man was accidentally burned to death, by reason of which the insured was greatly shocked and excited, so that he became insensible and fell, either by fainting from the excitement or from the rupture of a blood vessel in the brain, causing apoplexy. He recovered sufficiently to start home, and arrived at Ft. Worth, where he was in charge of a physician and a trained nurse until the next day, when he was taken home by his wife, who had come to Ft. Worth upon being notified of his condition. On May 30th the insured died in Hamilton county from apoplexy produced either by the excitement alone occasioned by witnessing the fire, or by the fall which he received, or by both. Proof of death was made and demand for payment of said policy more than 30 days before the institution of this suit. Appellant offered to pay $500 to the beneficiary, but refused to pay any greater sum. Suit was instituted by the beneficiary, the appellee herein, in the district court of Hamilton county, and judgment was rendered in her favor for $5,000. The case was tried before the court without a jury.

## Opinion.

[1] Appellant filed a plea of privilege to be sued in Dallas county, which was overruled. The application upon which the certificate herein sued on was issued, the certificate itself, and appellant's by-laws provided that all suits on said certificate should be instituted in Dallas county, Tex. Article 1830, subd. 30, Revised Statutes, reads as follows:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 4744, Revised Statutes, reads as follows:

"Suits on policies may be instituted and prosecuted against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policy holder or beneficiary instituting such suit resides."

Appellant insists that it is neither an accident insurance company, nor life and accident, nor health and accident insurance company. We overrule this contention. Article 4724, Revised Statutes, reads, in part, as follows:

"An accident insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned upon the injury, disablement or death of persons resulting from traveling or general accidents by land or water."

Venue is fixed by law and not by contract. For instance, a suit upon a contract in writing, to be performed in any particular county, may be instituted in such county, but this is by reason of the statute fixing the venue in such case. Parties cannot contract so as to deprive a court of jurisdiction, when such jurisdiction is given by statute. Eaton v. Assurance Association, 136 S. W. 817, though differing somewhat in its facts from the instant case, involves the principle above announced.

"Insurance companies cannot, by stipulation in the policy, limit the right to sue to the courts of a certain county, where, in the absence of such stipulation, the action might be brought in other counties." 25 Cyc. 909.

"Agreements, whose object is to oust the jurisdiction of the court, are contrary to public policy and will not be enforced." 9 Cyc. 510.

[2] We overrule appellant's contention that death from the bursting of a blood vessel in the brain, caused by the insured's witnessing an accidental fire, is not a death by accident. The physicians in attendance upon the deceased gave it as their opinion that he died from apoplexy, caused either by the excitement of witnessing the fire, or by the fall produced by such excitement or by both. Four physicians, upon a hypothetical case, including all of the undisputed facts in this case, expressed a similar opinion.

The deceased was about 40 years of age, of temperate habits, and in good health; he was very excitable and sympathetic. No other cause for the apoplexy from which he died is suggested by the evidence, and all of the physicians testifying in this case stated that it was a very unusual occurrence for a man in good health, and not over 40 years of age, to have apoplexy, unless the same was occasioned by some external, violent means, and they included great excitement as a means capable of producing death from apoplexy. This issue was found in favor of appellee, and the evidence is sufficient to sustain such finding. Insurance Co. v. Hunter, 30 Tex. Civ. App. 336, 70 S. W. 789; Railway Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075, 24 L. R. A. 642; Insurance Co. v. Hicks, 23 Tex. Civ. App. 74, 56 S. W. 87; Paul v. Insurance Co., 112 N. Y. 472, 20 N. E. 347, 3 L. R. A. 443, 8 Am. St. Rep. 758; Healey v. Accident Ins. Ass'n, 133 Ill. 556, 25 N. E. 520, 9 L. R. A. 371, 23 Am. St. Rep. 637; McGlinchey v. Casualty Co., 80 Me. 251, 14 Atl. 13, 6 Am. St. Rep. 190; Omberg v. Mut. Ass'n, 101 Ky. 303, 40 S. W. 909, 72 Am. St. Rep. 413.

[3] Appellant insists that, if appellee was entitled to judgment herein in any sum, it should have been limited to $500, and offers in support of its contention one of its by-laws, which, among other things, provides:

"For death resulting in the following manners, the amount payable shall be limited to $500: * * * Second. Death resulting from cerebral hemorrhage, cerebral paralysis, apoplexy or heart failure caused by accidental means."

The undisputed testimony shows that the assured died from cerebral hemorrhage or apoplexy caused by accidental means. We do not believe that this by-law should control as to the amount recoverable. The certificate, in plain terms and without qualification, provided:

"In the case of accidental death of said member, there shall be payable to Anna C. Branum, wife of Calvin C. Branum, if living at the time of such accidental death, otherwise to the legal representatives of said member, in such manner as provided in the by-laws of said association, after the receipt by said association of satisfactory proof of the happening of said accidental death, the sum of $5,000."

The manner of such payment, as provided in the by-laws, was that the full sum might be paid in one payment, or might be made in five annual installments, at the option of the association. We do not think that where a policy provides in plain terms, and without qualification, for the payment of a certain amount, and there is no reference in such policy to a by-law changing such amount in a manner that is calculated to cause the insured to examine such by-law, and where it is not shown, either by his application or otherwise, that he was aware of such by-law, the amount named in the policy can be limited by any such by-law. In such case there would be a contradiction between the policy and the by-law, and the policy should prevail. Laker v. Fraternal Union, 95 Mo. App. 353, 75 S. W. 705; Davidson v. Mut. Ben. So., 39 Minn. 303, 39 N. W. 803, 1 L. R. A. 482; 29 Cyc. 70–1.

Appellant cites the case of Duer v. Chosen Friends, 21 Tex. Civ. App. 493, 52 S. W. 109. In that case the policy was not for a specific amount, but was for "an amount not to exceed $3,000." A by-law subsequently passed reduced the amount of payment one-half, but it also lowered the amount of the assessments, and all members holding certificates were given the option to continue under the old plan or under the new. The deceased had actual notice of the change in the by-law and did not object. It was held, under such circumstances, that he had elected to accept the new by-law. The contract of insurance provided that the insured should be governed by the by-laws then in existence or thereafter to be adopted.

[4] However, should we be in error upon the general proposition of law as above enunciated, we think our statute settles this matter against appellant's contention. As above stated, appellant was chartered under the provisions of chapter 5, tit. 71, of the Revised Statutes. Article 4807 of this chapter provides:

"Every policy or certificate issued by any such corporation shall specify the sum of money which it promises to pay upon the contingency insured against, and the number of days after the receipt of satisfactory proof of the happening of such contingency at which such payment shall be made, and upon the happening of such contingency such corporation shall be liable for the payment of such amount in full at the time so specified, subject to such legal defenses as it may have against the same."

[5] The legal defenses referred to are those which defeat recovery, such, for instance, as that pleaded by appellant in this case, that the insured did not die as a result of accident. "Such corporations shall be liable for the payment of such amount in full." What amount? The amount specified in the policy, which it promised to pay upon the happening of the contingency insured against. We think it clear, under this statute, that, if the association is legally liable for any sum, it is for the full amount specified in the policy, and that this cannot be avoided by any by-law fixing any other or different amount upon any contingency whatever. Courtney v. Mut. Aid Ass'n, 120 Mo. App. 110, 94 S. W. 768.

[6] The trial court, after entering judgment for the sum of $5,000, added the following as a part of said judgment:

"And it appearing to the court that the by-laws of the defendant provide that death losses may be paid in five equal annual installments, it is therefore ordered and decreed by the court that said defendant may exercise such option of paying said policy, with accrued interest, in five equal installments, provided, however, that said defendant shall accept this decree as final, and shall not appeal therefrom; but, in the event said defendant shall appeal from the judgment here rendered, then said judgment shall

stand without condition or qualification as to the manner and time of payment."

Appellant insists that that portion of the judgment following the words "provided, however," is erroneous. Its contention is that the court could not penalize appellant for exercising its right of appeal. This is true, but the by-law referred to provided:

"That the association shall have the option of paying death losses or losses of limb or limbs in five equal annual payments, the first payment to be due and payable 90 days after proofs of loss are filed with the association."

As we construe this by-law, the association must exercise its option to pay in five installments within 90 days after proofs of loss are filed, and not thereafter. Appellee insists that so much of the judgment as permitted payments in five equal annual installments was erroneous, for the reason that the time for exercising said option had expired when said judgment was entered. It is not clear from the record whether this is true or not, but it is clear that, in the event of an appeal, such option would have expired before the judgment could be enforced. It is clear that the 90 days in which such option could have been exercised have expired before the present time, for which reason the judgment of the court will be reformed, so as to make it an unqualified judgment for appellee for $5,000.

[7] Appellant assigns error upon the action of the court in admitting, over objection, the testimony of Miss Annie McClung, a professional nurse, to the effect that the deceased told her that he saw the fire in Hot Springs, Ark., and a man being burned therein, and that he fell to the floor insensible; the grounds of objection being that said testimony was hearsay and a self-serving declaration. In addition to the testimony above set out, the witness also testified that:

"He was at intervals suffering a great deal of pain in his head. * * * When Mr. Branum talked about the matter (the fire and the man burning to death), he would get very much excited. * * * He would gesticulate with his arms, and, on one occasion, tried to get out of bed."

This testimony was relevant and admissible for the purpose of showing injury to the head, and also that the deceased was of an excitable nature, as alleged. Roth v. T. P. A., 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97. The objection was to the testimony as a whole, for which reason there was no error in overruling it. Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Railway v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21; Rice v. Taliaferro, 156 S. W. 242; Williams v. Neill, 152 S. W. 694; Scott v. Townsend, 159 S. W. 344.

[8] There was no reversible error in admitting the testimony above referred to, for the reason that the same testimony was given, in substance, by Dr. Lackey, without objection.

For the reasons above stated, the sixth assignment, with reference to admitting the testimony of Mrs. Branum, is overruled.

Appellant's remaining assignments relate to the sufficiency of the testimony, and are overruled for reasons appearing in this opinion.

[9] The eleventh finding of fact by the trial court is as follows:

"I find that $1,000 is a reasonable attorney fee in this case, and a penalty of 12 per cent. on the face of the policy amounts to $600."

The fourth conclusion of law by the court is as follows:

"I conclude that, in this character of insurance, penalty and reasonable attorney fee are not allowed under our statute."

Appellee has filed a cross-assignment of error on this conclusion of law. Article 4746, R. S., is as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

The court based its conclusion of law upon article 4957, Id., which reads as follows:

"None of the terms or provisions of this chapter shall apply to, nor in any wise affect, fraternal beneficiary associations as defined by the laws of this state, nor apply to companies carrying on the business of life or casualty insurance on the assessment or annual premium plan, under the provision of this title."

Conceding that appellant is a "casualty insurance company carrying on business on the assessment or annual premium plan under the provisions of this title," to wit, title 71, it nevertheless is not exempt from the provisions of article 4746, for the reason that article 4957 exempts such companies from the "provisions of this chapter," viz., chapter 15, whereas article 4746 is not a provision of chapter 15, but of chapter 2, of title 71.

For the reasons stated, we sustain appellee's cross-assignment and here render judgment in her favor for $1,000 attorney's fees and $600 penalty.

The judgment of the trial court is here reformed, so that appellee shall have judgment against appellant for $5,000, the amount of the policy sued on, $1,000 attorney's fees, and $600 penalty, together with 6 per cent. interest thereon from October 13, 1913. As thus reformed, the judgment is affirmed.

Reformed and affirmed.