# Ellison v. District Grand Lodge No. 23.

*Assumpsit.*

(Decided December 17, 1914. 66 South. 872.)

1. *Insurance; Mutual Benefit; Classification of Members.*—Under sections 5, 6, 9 and 23-a, Acts 1911, p. 701, et seq., mutual benefit societies have the right to classify their members into different classes and to issue certificates to the several different classes.

2. *Same; Change of By-Laws.*—Where the laws of such society rendered the member subject to laws that might thereafter be enacted, the society could, after the death of a member whose certificate was payable out of the general mortuary fund, create a new class

of members, the receipts from whose certificates should be paid into a special fund to be expended only for death claims of that class, without impairing the obligation of its contracts or interfering with the vested rights of the beneficiary.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Kitty Ellison has judgment against the District Grand Lodge 23, United Order of Odd Fellows, with garnishment against a bank in aid of said judgment. From a judgment holding funds so garnished not liable for plaintiff's claim, she appeals. Affirmed.

CARMICHAEL & WINN, for appellant. The by-laws relied on may be good as to future cases, but at the time it was passed, plaintiff was more than a member, was a creditor whose rights had previously attached and those rights could not be swept away by such a scheme as this by-law.—27 Am. St. Rep. 624; 31 Am. St. Rep. 466; 29 Am. St. Rep. 603; 102 Ind. 262; 78 N. Y. 159.

C. B. POWELL, for appellee. The association had the right to change the by-laws, and this affected the members under the certificate the same as did the laws in force at the time of the issuance of the certificates.— Sup. Com. v. Ainsworth, 71 Ala. 436. The society was authorized to create the different classes and establish special funds for the several classes.—Acts 1911, p. 701; 29 Cyc. 146; 41 Minn. 516; 39 Minn. 174; 117 Ind 489; 12 Ky. L. Rep. 94; 54 Am. St. Rep. 532.

PELHAM, P. J.—It is conceded, and set forth in the agreed statement of facts upon which the garnishment procedings were heard before the court sitting without a jury on a contest of the garnishee's answer, that the appellee (defendant in the original suit) is a fraternal

benefit society operating under and governed by the act of the Legislature to regulate and control societies of that nature, approved April 24, 1911 (Acts 1911, p. 700).

The appellant had recovered a judgment against the defendant society, suing as a beneficiary under one of the policies issued by it and payable out of the general mortuary funds of the order. The defendant had deposited in the garnished bank a certain sum to the credit of the "Independent Series Class B No. 1" of the order, to which series or class the member on whose life the appellee held a beneficiary certificate, upon which she had recovered judgment, did not belong. The question presented is the right of such a society to create in good faith separate "classes" and preserve to the members of a separate class so created the right to maintain a separate mortuary fund out of which the contributing members of that particular class may be paid to the exclusion of members of another class, or those entitled to benefit or payment out of the general mortuary funds of the order.

That a society or order conducting its operations under the provisions of the act approved April 24, 1911, should have the right and be vested with authority to classify memberships into separate and independent classes and to issue policies or certificates to the several different classes, seems plainly from reading the act to have been the legislative intent.—Acts 1911, p. 700 et seq., §§ 5, 6, 9, 23a.

The organization having been authorized by law to classify its members, and the members joining the order having done so under a provision in the laws of the society making them subject to the laws of the association presently in force or that might thereafter be enacted, its members would be bound by a by-law of the associa-

tion of future enactment (*Supreme Commandery v. Ainsworth*, 71 Ala. 436, 46 Am. Rep. 332) creating a separate and independent class of membership with a separate mortuary fund for the benefit of the contributing members of that class. The creation, under such conditions, of a different class of membership from that to which the member belonged on whose life the appellant held a beneficiary certificate, providing that the mortuary fund arising from the contributions of the members of that particular class should be used exclusively for the payment of the mortuary claims and expenses of that class, did not impair the obligation of the contract made with the other member belonging to a different class, providing in effect that the beneficiary named by him should be entitled to participate in the mortuary fund of that separate and different class of which he was a member, or in the general mortuary fund of the association. It would make no difference, in this connection, that the separate class formed, preserving to the members of that class alone the right to create and participate in a mortuary fund for the benefit of its members that would not be subject to payment of benefit claims of beneficiaries of members of other classes, was created after the death of a member of such other class, whose beneficiary's claim had accrued under his contract or certificate as against the order, but which was not payable out of the funds of the separate class subsequently created. This would not be an impairment of the member's contract based on the original obligation which did not entitle him to payment out of that fund, and which was made subject to the constitution and by-laws of the association in force at the time of issuing the benefit certificate, or that might be thereafter adopted.— *Supreme Commandery v. Ainsworth, supra.* Nor would it be an interference with a vested right, or a repudiation

in whole or in part of a debt due the beneficiary under the terms of the certificate held by her after her rights had attached, as would be the case, as held in *Becker v. B. B. Society,* 144 Pa. 232, 22 Atl. 699, 27 Am. St. Rep. 624 (cited and relied upon by appellant), if the association should undertake to reduce by a subsequently passed by-law the amount of benefits which a member was entitled to be paid as fixed by its charter, after receiving dues from him paid on that fixed basis of receiving benefits. The member or his beneficiary could have no unqualified vested right in a fund created by and for the benefit of a separate class of members, if that class was created in good faith by proper by-laws of the society binding on the member and enacted agreeably to and by authority of the statutory law of the state under which the association was organized and doing business.

No question of the right of membership in this separate class, by transfer, or otherwise, is presented in this case, and that proposition is not considered.

The conclusion is that the society had the right to create the separate class of members, of which particular class the member on whose life the appellant held a beneficiary certificate was not a member, and to maintain for the benefit of that other class of members a separate mortuary fund not subject to garnishment in aid of the payment of the judgment obtained by the appellee against the association as the beneficiary in the certificate held by her. See Niblack on Benefit Societies and Accident Insurance (2d Ed.) p. 59; *Hesinger v. Home Ben. Ass'n,* 41 Minn. 516, 43 N. W. 481; *Supreme Lodge v. Knight,* 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409.

The rulings of the trial court were in harmony with the views expressed, and the judgment will be affirmed.

**Affirmed.**