116    SUPREME COURT OF WISCONSIN.    [Nov.

Goldberg v. Seneca, Sigel & Rudolph M. F. Ins. Co. 170 Wis. 116.

GOLDBERG, Appellant, vs. SENECA, SIGEL & RUDOLPH MU-
TUAL FIRE INSURANCE COMPANY, Respondent.

*October 8—November 4, 1919.*

*Insurance: Knowledge of by-laws of mutual insurance company:
When liability attaches: Oral contract with agent: Liability
in violation of by-laws: Appeal: Disposition of case.*

1. Under secs. 1927 and 1933, Stats., providing for the organiza-
   tion of town mutual fire insurance companies and making
   every policy-holder in such a company a member thereof, an
   applicant for insurance who held other insurance in the com-
   pany and was therefore a member was charged with knowl-
   edge of by-laws fixing the conditions of insurance.
2. Under a by-law of the company providing that it should be
   liable for losses occurring from the time an application for
   insurance was received by the secretary until its rejection, it
   was not liable for a loss before the application reached the
   secretary.
3. This by-law prevented any liability on the soliciting agent's oral
   contract of insurance made with the applicant, who was al-
   ready a member of the company by reason of other insurance.
4. Sec. 1933, requiring the applicant, at the time of effecting in-
   surance with a mutual company, to pay such sums as may be
   required by the rules or by-laws, does not make the insurance
   effective at that time, contrary to a by-law making it effective
   from the secretary's receipt of the application.
5. The bond of the agent reciting that he is appointed to solicit
   and write insurance, but further providing that he shall not
   solicit or accept insurance except in accordance with the
   by-laws, does not make the insurance effective from the date
   of the application, contrary to the by-laws.
6. Whether the company or the agent is liable in tort for unrea-
   sonable or unnecessary delay in forwarding the application is
   not decided, and the case will not be remanded for a trial of
   that question, under sec. 2836b, Stats., especially as the pres-
   ent judgment would not be a bar to such an action.

APPEAL from a judgment of the circuit court for Wood
county: BYRON B. PARK, Circuit Judge. *Affirmed.*

The appeal is from a judgment of nonsuit.

The plaintiff lived in the city of Grand Rapids and about

ten miles distant from his farm in the town of Grant in the same county, upon which was a small dwelling house and barn, in the latter of which was stored a considerable quantity of hay which he desired to have insured. He had on other occasions and at the time in question carried insurance with said company.

Some doubt having arisen as to the insurability of the barn and its contents on account of the dwelling being then vacant, plaintiff discussed the matter with the president and secretary of defendant company and was advised by them that his barn would be considered an insurable risk and to make application for insurance to one William Gaulke, agent for said company in said town. October 21, 1916, the plaintiff, with said agent, made out an application upon the printed forms furnished by defendant for insurance in the sum of $600 for a term of five years and to be effective as of that date, and at the same time gave Gaulke his check for $2.63, which was the amount fixed by the defendant to be paid on such application as a premium and included a commission to said Gaulke. The agent at the same time told the plaintiff that his barn and hay were insured and that he would get the policy in about two weeks. The check was immediately cashed by Gaulke.

November 2, 1916, the barn and hay were destroyed by fire. On the following day the plaintiff called on the secretary of the company and gave notice of the fire. Afterwards on the same day the secretary received from the agent a letter with the application and with information from the agent to the effect that after taking the application on the 21st of October the agent found that a stovepipe in the dwelling on plaintiff's farm ran through the side wall on the house, making the property uninsurable under the by-laws of the defendant. That the agent had suggested that there could be a possible acceptance of the application by putting a sewer pipe out through the wall and running the stovepipe

118    SUPREME COURT OF WISCONSIN.    [Nov.

Goldberg v. Seneca, Sigel & Rudolph M. F. Ins. Co. 170 Wis. 116.

through that, and that he had written the plaintiff with reference to that situation and that he had just heard that the barn had been destroyed.

On October 31st Gaulke had written to the plaintiff with reference to the application for insurance as follows:

"I have thought the matter over and have come to the conclusion that in order to be sure that the company will accept your application, the best thing to do would be to build a small chimney; it can be put on brackets and will only take a few brick, twenty-five to a foot in height. If I were in your place I would do that. If, however, you wish to have me send in the application as we made it, I will do so, but I fear that they will turn it down. Let me know in regard to this matter by dropping me a line, as I likely will not be in town until next Saturday."

The by-laws of the defendant were printed on the back of the policies issued and contained the following provisions:

No. 4. "It shall be the duty of the secretary to keep a record of the proceedings of the meetings of the board of directors and of the annual meetings." "To receive applications for insurance."

No. 7. "Each person wishing to become a member of this company on making application shall pay such percentage in cash as may be required by the board of directors; if his application is approved a policy shall be issued to him for a term of five years, . . . the agent taking such application or renewal shall be entitled to a policy fee of $1. . . ."

No. 10. "As soon as the application is received by the secretary the company shall be liable for all losses sustained by applicant until the application is refused and placed in the postoffice directed to the applicant."

No. 9. ". . . All buildings having an iron stovepipe for a chimney or being exposed by 'stovepipe risks' are not insurable; any person making a false statement in regard to the above shall forfeit all rights under his policy."

No. 14½. "Vacant farm buildings may be insured, if in the judgment of the authorized agents of this company such risk should be assumed."

The application furnished by defendant and used by plaintiff contained the following question to be answered by any applicant: "9. Are there any stovepipes within 100 feet of risk?"

The secretary not having received the application until after the fire occurred, no policy was issued. The $2.63 paid by plaintiff was offered back to him.

For the appellant the cause was submitted on the brief of *W. E. Wheelan* of Grand Rapids.

For the respondent there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *Theo. W. Brazeau*.

ESCHWEILER, J.   The defendant is a town mutual fire insurance company organized under the provisions of secs. 1927 to 1941, Stats.

Sec. 1927, relating to the organization of such corporations, provides that the persons subscribing to original articles and such as shall afterwards be insured shall be a corporation; and sec. 1933 provides that every person to whom any policy is issued by such corporation shall be deemed a member of the same.

The plaintiff, by reason of other insurance held by him at the time of his making the application involved in this case, was a member of such defendant corporation.   Being such member, he is chargeable with knowledge of the conditions of insurance as they are determined by the by-laws of such corporation.   *Bretzlaff v. Sick Ben. Soc.* 125 Mich. 39, 83 N. W. 1000; *Davidson v. Old People's M. B. Soc.* 39 Minn. 303, 39 N. W. 803; *Supreme Lodge of K. P. v. Graham,* 49 Ind. App. 535, 97 N. E. 806; *Brashears v. Perry Co. F. P. Ins. Co.* 51 Ind. App. 8, 98 N. E. 889.

The court below was therefore right in holding that under by-law No. 10, above quoted, it was essential that the application for insurance should at least have been received by

the secretary before any liability could be fastened upon the defendant for any loss occurring subsequent to the date of the application and prior to its receipt.

There is nothing in the record here upon which could be predicated a waiver of such provisions of the by-laws as in the case of *Ledebuhr v. Wis. T. Co.* 112 Wis. 657, 88 N. W. 607.

Such membership also prevents him from successfully asserting, in the face of such positive restriction as is embodied in this by-law, the well recognized doctrine of the validity of parol contracts of insurance between a stranger and an insurance company, as in such cases as *Whitman v. Milwaukee F. Ins. Co.* 128 Wis. 124, 107 N. W. 291, and cases cited; *King v. Hekla F. Ins. Co.* 58 Wis. 508, 17 N. W. 297; *McQuaid v. Ætna Ins. Co.* 226 Mass. 281, 115 N. E. 428.

Appellant urges that the last sentence of sec. 1933, Stats., which reads as follows: "He shall also, at the time of effecting such insurance, pay such percentage in cash and such reasonable sums for a policy as may be required by the rules or by-laws," evidences a statutory declaration that the insurance by such a corporation as this, and to which said section relates, becomes effective at the time of such payment and the signing and delivering to the agent of the application, subject only to the right of cancellation or refusal of the application and the returning it to the applicant under by-law No. 10, above quoted. We cannot so construe it nor see that force is added to appellant's suggestion in that behalf by the provisions of the bond required of and given by the agent containing the recital that such agent was chosen and appointed "for the purpose of soliciting and writing insurance for said company," for the same bond recites further that such agent "shall not solicit or accept insurance, except in accordance with the by-laws of said company." This requires the affirmance of the judgment of the court below upon the record as it then stood.

Whether or not an action in tort might be maintained against the defendant company or its agent for what might be held to be a possible breach of a duty to forward such application without unreasonable or unnecessary delay after the receipt of the application and premium by the agent, is a question which we do not care to determine upon the present record.    Neither do we feel that we should remand this case under the provisions of sec. 2836b for such purpose, especially as the present judgment in this contract action would be no bar to such a tort action if the facts warrant such.

*By the Court.*—Judgment affirmed.