### NEEL et al. v. FIRST PRESBYTERIAN CHURCH OF MARLIN et al.
### (No. 6226.)

(Court of Civil Appeals of Texas. Austin. Oct. 13, 1920.)

Venue ⬤⟳17—Cannot be fixed by agreement where fixed by statute.

Sureties executing contractor's bond under Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a, could not by agreement with owner confer exclusive jurisdiction to try action on bond on courts of specified county; the venue in such action being fixed by statute, and not by contract.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by the First Presbyterian Church of Marlin and others against J. E. Neel and others. From order overruling defendants' plea of privilege, defendants appeal. Affirmed.

S. E. Stratton and Marshall Surratt, both of Waco, for appellants.

Nat Llewellyn, T. B. Bartlett, and Spivey, Bartlett & Carter, all of Marlin, for appellees.

JENKINS, J. The appellants herein filed their plea of privilege to be sued in McLennan county. This plea was overruled by the court, and this appeal is prosecuted from such ruling.

#### Findings of Fact.

J. E. Neel entered into a contract with appellee to erect for it a church building in Falls county. Said church organization and the trustees thereof had their domicile in said county at the time of the execution of said contract and at the time of bringing this suit. Neel executed a bond, payable to appellee, in accordance with the provisions of articles 5623 and 5623a, Vernon's Ann. Civ. St. Supp. 1918, in which bond appear the words "payable at Waco, Texas." These words were not required by the statute in such case. The appellants herein signed said bond as sureties. At the time of signing the same, and at the time of the institution and of the trial of this cause, they were residents of McLennan county, Tex.

#### Opinion.

The appellants alleged that the words "payable at Waco, Texas," were inserted in said bond at their request, and upon the agreement between them and appellee that suit should be instituted upon such bond, if at all, only in McLennan county, and that it was understood between the parties, at the time of the execution of such bond that these words would confer exclusive jurisdiction upon the courts of McLennan county in the event suit was brought on the bond. Their contention is that under such plea they should have been permitted to show such fact by oral testimony. The statute authorizes suits of this character to be brought in the county where the owner resides, or where the work is to be performed. Article 5623a.

We affirm the judgment of the lower court upon authority of Travelers' Association v. Branum, 169 S. W. 389, and (Sup.) 212 S. W. 630, wherein it is held that venue is fixed by law, and not by contract.

### Additional Finding of Facts.

At the request of appellant, we make this additional finding of fact:

Appellants allege that when the bond herein sued on was presented to them they were citizens of McLennan county, and declined to sign said bond unless it should be so drawn that they could not be sued in any county other than McLennan. All parties at interest believed that by inserting the words, "Payable at Waco, Texas," exclusive venue would be conferred upon the district court of McLennan county. They alleged these facts in their plea of privilege. Upon demurrer the court struck out said plea.